George David **PHIFER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 840–89.

Court of Criminal Appeals of Texas, En Banc.

April 11, 1990.

Peter S. Chamberlain, Commerce, for appellant.

Robert Huttash, State's Atty., and Carl E.F. Dally, Sp. Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of driving while intoxicated [1] after having pre- viously been convicted of driving while intoxicated at least twice. Finding that appellant was a habitual offender, the jury assessed punishment at 45 years in the Texas Department of Corrections.[2] This conviction was reversed by the Dallas Court of Appeals in an unpublished opinion, No. 05–88–080–CR delivered April 26, 1989. We will reverse the Court of Appeals.

The State's petition was granted to determine whether punishment for a felony driving while intoxicated conviction may be enhanced pursuant to V.T.C.A., Penal Code Sec. 12.42(d), notwithstanding the existence of special enhancement provisions under Art. 6701*l*–1, V.A.C.S.

We recently determined that offenses not defined in the Penal Code may nonetheless be enhanced pursuant to Chapter 12 of the Penal Code. *Childress v. State*, 784 S.W.2d 361 (Tex.Cr.App.1990). Although *Childress* addressed enhancement of the felony of failure to stop and render aid, the same statutory construction applies to this cause.

Additionally, special enhancement provisions for a primary offense have long been held to bar enhancement under general statutes only for prior offenses that could be used within the special provisions. See *Rawlings v. State*, 602 S.W.2d 268 (Tex.Cr. App.1980); *Heredia v. State*, 468 S.W.2d 833 (Tex.Cr.App.1971); *Tomlin v. State*, 170 Tex.Crim. 108, 338 S.W.2d 735 (1960); *Edwards v. State*, 166 Tex.Crim. 301, 313 S.W.2d 618 (1958). Applying that principle to this cause would preclude use of prior felony DWI convictions, but not other felony convictions, to enhance under Chapter 12.

Four prior convictions for driving while intoxicated were alleged, and the jury found that appellant previously had been convicted of driving while intoxicated at least twice, thereby affixing "imprisonment in the state penitentiary" as a possible punishment. Art. 67011–1(e)(2), V.A.C.S.

V.T.C.A., Penal Code Section 12.41 provides that for "purposes of this subchapter

---

1. The offense was committed on November 2, 1986.

2. Now the Texas Department of Criminal Justice, Institutional Division.

[defining punishment ranges for repeat offenders], any conviction not obtained from a prosecution under this code shall be classified as follows:

(1) 'felony of the third degree' if confinement in a penitentiary is affixed to the offense as a possible punishment."

"Confinement in a penitentiary" is a possible punishment in this cause, therefore it is a third degree felony for purposes of Chapter 12. Section 12.42(d) establishes a punishment range for "any felony" where it is shown "that the defendant has previously been finally convicted of two felony offenses," with one of those becoming final before the other was committed.

In addition to the four driving while intoxicated convictions, the indictment in this cause alleged prior convictions for arson and burglary, with the burglary conviction having become final before the arson was committed. The jury found these allegations to be true. These latter convictions were not for DWI and were not available for use under the special enhancement provisions of the DWI statute, but were available for enhancement pursuant to Sec. 12.-42(d). The State's ground for review is sustained.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for consideration of appellant's other points of error.

TEAGUE, J., dissents.