Martinez v. SOT







NUMBER 13-01-00107-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

______________________________________________________________


JUAN MANUEL MARTINEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

______________________________________________________________


On appeal from the 197th District Court of Cameron County, Texas.

______________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Justice Hinojosa


Appellant, Juan Manuel Martinez, was charged by indictment with the offense of driving while intoxicated ("DWI"), (1)
enhanced to a third-degree felony because of two prior DWI convictions. (2) He was also charged as an habitual felony
offender because he had two prior felony convictions: a burglary of a habitation (3) and a third DWI. (4) After a jury found
him guilty of felony DWI, appellant pleaded true to the allegation that he was an habitual felony offender. The trial court
found he was an habitual felony offender and assessed his punishment at twenty-five years imprisonment. In five issues,
appellant contends: (1) the trial court erred in (a) finding "true" the two pre-September 1, 1995 felony DWI convictions
"when prior to that date DWI convictions were not allowed to be used under the general enhancement statute," (b)
overruling appellant's challenges for cause to jurors who indicated there was no reason an innocent person would refuse to
take a breathalyzer test, and (c) denying a mistrial based on prosecutorial misconduct; (2) the State committed prosecutorial
misconduct; and (3) the evidence is legally insufficient to support his conviction. We affirm.

A. Sufficiency of the Evidence


In his fifth issue, appellant complains the evidence is legally insufficient to support his conviction. (5) Specifically, he
contends that the testimony of the arresting officer concerning the administration and result of a Horizontal Gaze
Nystagmus (HGN) test "was so unreliable so as to require this court to determine that there was insufficient evidence by
jury [sic] to convict appellant."

It is a fundamental rule of criminal law that a defendant cannot be convicted of a crime unless it is shown beyond a
reasonable doubt that he committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc.
Ann. art. 38.03 (Vernon Supp. 2002). When reviewing the legal sufficiency of the evidence, an appellate court must look
at all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The sufficiency of the evidence is measured by the hypothetically correct
jury charge, which accurately sets out the law, is authorized by the indictment, and does not unnecessarily increase the
State's burden of proof. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v. State, 3 S.W.2d 99, 105
(Tex. App.--Corpus Christi 1999, pet. ref'd). The jury, as the sole judge of the credibility of the witnesses and the weight to
be given their testimony, is free to accept or reject all or any part of the testimony of any witness. Tex. Code Crim. Proc.
Ann. art. 38.04 (Vernon 1981); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential
elements the State was required to prove. A person commits the offense of driving while intoxicated if the person is
intoxicated while operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 2002). 
"Intoxicated" is defined, inter alia, as not having the normal use of mental or physical faculties by reason of the
introduction of alcohol or other substances into the body. Tex. Pen. Code Ann. § 49.01(2)(A) (Vernon Supp. 2002).

Viewing the evidence in the light most favorable to the verdict, the evidence shows that Cameron County Sheriff's Deputy
Isaac Juarez first encountered appellant's vehicle at approximately 3:00 a.m. as it drove toward him on a busy city street. 
Appellant had his high-beam headlights on, "blinding the incoming traffic," which is illegal. (6) Juarez flashed his own
high-beams to signal appellant to lower his high-beams, but appellant did not respond. Juarez signaled a second time, but
appellant still did not respond. As the vehicle approached Juarez's patrol car, appellant finally dimmed his high-beams
briefly, but reactivated them before passing Juarez. Juarez was forced to "pull over to the side a little bit. I had to reduce
my speed and move over to the shoulder because the lights were extremely bright." Juarez made a U-turn and proceeded to
stop the vehicle. Appellant turned onto another street and drove about one-quarter of a mile before stopping.

As Juarez approached the vehicle, he noticed the driver and passenger moving. When he reached the driver's-side door, he
noticed that the driver had not rolled down the window, so Juarez tapped on it. When appellant lowered the window,
Juarez requested that he step out of the vehicle and present his driver's license and insurance papers. Appellant then yelled
something Juarez could not understand. Juarez stepped closer to the window and noticed "a very strong odor of an
alcoholic beverage coming from the vehicle." Appellant told Juarez he was "crippled and that he couldn't step out of his
vehicle." Juarez again asked appellant to step out of the vehicle, and stood close by in case appellant needed assistance. 
He told appellant to use the car for support if he needed. Appellant got out of the car and, using his vehicle for support,
walked to the back of the vehicle where Juarez was standing. Appellant did not have a cane, walker or crutches.

Juarez noticed a strong smell of alcohol on appellant. When Juarez asked him if he had been drinking, appellant replied
that he and his passenger were "just trying to go home" and were "using the back roads so that we couldn't hurt anybody." 
Juarez then spoke to the passenger, appellant's wife, Linda. Juarez saw an eighteen-pack of Budweiser beer at her feet; it
was open and some beers were missing. He also saw two empty beer cans on the floorboard between the passenger and
driver's seats. When he asked Linda if her husband had been drinking, she told him yes, but "that he had only had about
five or six beers . . . [and] that he wasn't drunk."

Juarez then administered the HGN test, which indicated that appellant was intoxicated. (7) It was Juarez's opinion that
appellant did not have the normal use of his mental faculties. Juarez based his opinion on his training and experience, the
HGN test results, the odor of alcohol on appellant's breath and person, appellant's extremely red eyes, and appellant's wife's
statement. Upon being informed that he was under arrest, appellant told Juarez, "I'm not going to give you blood, I'm not
going to blow, and it's going to get thrown out of court." When Juarez inventoried appellant's vehicle, he found five cold
cans of beer in the Budweiser box and a partially-full cold can of beer behind the passenger seat. (8) The vehicle had not
been modified to accommodate a handicapped driver, nor was there any medical equipment in the car.

Appellant further contends that Juarez's administration of the HGN test was "peculiar." He argues that, under Juarez's
methodology, "every human being on earth would be found intoxicated." However, the record reflects that appellant did
not object to Juarez's testimony as unreliable. Thus, we hold this issue is waived. See Tex. R. App. P. 33.1(a).

Furthermore, even excluding the results of the HGN test, we hold the evidence is legally sufficient to support appellant's
conviction. Appellant's fifth issue is overruled.

B. Enhancement


Appellant was charged as an habitual offender based on two prior felony convictions: (1) a February 11, 1991 conviction
for burglary (Cause No. 89-CR-1163-C) and (2) a November 24, 1993 conviction for DWI (Cause No. 92-CR-1178-C). A
defendant convicted of a third-degree felony shall be punished by a term of imprisonment from twenty-five years to
ninety-nine years if he has previously been convicted of two felony offenses, and the second previous felony conviction is
for an offense that occurred subsequent to the first previous conviction having become final. Tex. Pen. Code Ann. art.
12.42(d) (Vernon Supp. 2002).

Section 49.09 of the penal code provides that a DWI conviction (normally a Class B misdemeanor) shall be enhanced to a
third degree felony if the defendant has been previously convicted of two DWIs. See Tex. Pen. Code Ann. art. 49.09(b)
(Vernon Supp. 2002). Section 49.09 also provides that a prior DWI may be used to enhance a DWI under section 49.09, or
to enhance an offense under section 12.41, but not both. This section became effective on September 1, 1995. Under prior
law, a previous felony DWI conviction could not be used in a felony DWI prosecution to show that the defendant was an
habitual felony offender. Phillips v. State, 992 S.W.2d 491, 493 (Tex. Crim. App. 1999) (citing Jones v. State, 796 S.W.2d
183, 185 (Tex. Crim. App. 1990); Phifer v. State, 787 S.W.2d 395, 396-97 (Tex. Crim. App. 1990)). 

In his first issue, appellant argues that because the prior felony DWI conviction occurred prior to September 1, 1995, prior
law controls and it cannot be used under the general enhancement statute found in section 12 to enhance appellant's
punishment. However, appellant's argument has been rejected by the court of criminal appeals.

In Phillips, the court of criminal appeals held that in a trial of a DWI occurring after September 1, 1995, two DWI
convictions that occurred before September 1, 1995, 

could have been used to show that the appellant had been previously convicted of an offense related to operating a motor
vehicle while intoxicated, which was part of the showing necessary to enhance the instant DWI offense from a
misdemeanor to a felony of the third degree; or either or both of the 1990 and 1991 DWI convictions could have been used
to show that the appellant had been previously convicted of a felony offense, which was part of the necessary showing that
the appellant was an habitual felony offender. And neither of the 1990 or 1991 DWI convictions could have been used for
both purposes.

Id. at 493-94. Accordingly, we conclude appellant's argument is without merit. Appellant's first issue is overruled.

C. Denial of Challenges for Cause

In his second issue, appellant contends the trial judge erred in denying his challenges for cause to several venire members.

A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to
serve on the jury. Tex. Code Crim. Proc. Ann. art. 35.16(a) (Vernon 1989). Denial of a proper challenge for cause is error
because the makeup of the jury affects its decision. Johnson v. State, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001). Harm for
the erroneous denial of a challenge for cause is determined by the standard of Rule of Appellate Procedure 44.2(b). Id. at 2. 
Harm is demonstrated, and the error held reversible, when the appellant (1) exercised his peremptory challenges on the
venire member whom the trial court erroneously failed to excuse for cause, (2) exhausted his peremptory challenges, (3)
was denied a request for additional peremptory challenges, and (4) identified an objectionable juror who sat on the case. Id.
at 5-6 (citing Wolfe v. State, 147 Tex. Crim. 62, 178 S.W.2d 274 (1944) (op. on reh'g)). However, whether any error is
preserved is a preliminary question to be answered within the analysis of the challenge and not as a wholly separate
question. Cannady v. State, 11 S.W.3d 205, 208 (Tex. Crim. App. 2000). 

A challenge for cause may be made by either the State or the defense when:

there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would
influence him in his action in finding a verdict.



* * * * *


[I]f the juror states that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the
evidence, the court, if satisfied that he is impartial and will render such verdict, may, in its discretion, admit him as
competent to serve in such case. If the court, in its discretion, is not satisfied that he is impartial, the juror shall be discharged.

Tex. Code Crim. Proc. Ann. art. 35.16(a)(10) (Vernon 1989). To sustain a challenge for cause under article 36.16(a)(10),
the challenging party must show that the venire member has established in his mind a conclusion as to the guilt or
innocence of the defendant and that this conclusion will influence his verdict. Cannady, 11 S.W.3d at 209; Curry v. State,
910 S.W.2d 490, 493 (Tex. Crim. App. 1995).

At trial, appellant challenged venire members 1, 2, 3, 5, 9, 12, 14, 19, 20, 22, 25, 26, and 39 for cause based on their
answers to questions about whether an innocent person would ever refuse to take a breathalyzer test. (9) The court granted
appellant's challenges for cause only as to venire members 1, 9 and 39. Appellant requested additional peremptory strikes,
but the request was denied. Appellant exercised all ten of his peremptory strikes, but venire members 25 (Ms. Martinez)
and 26 (Ms. Hagan) were seated on the jury. Appellant has not identified as objectionable any other jurors besides Ms.
Martinez and Ms. Hagan.

As we previously stated, it is the appellant's burden to show that the jurors he asserts are objectionable have established in
their minds a conclusion as to his guilt or innocence and that this conclusion will influence their verdict. See Cannady, 11
S.W.3d at 209; Curry, 910 S.W.2d at 493. Appellant's brief contains no citations to the record showing that either Ms.
Martinez or Ms. Hagan had already reached a conclusion concerning his guilt or innocence, or that such conclusion would
influence their verdict. Furthermore, our own examination of the record reveals no such evidence in the record. According
to the record, the only reference to Ms. Martinez and Ms. Hagan occurred when the State questioned the panel:

Prosecutor: Okay. On the second row, who thought that you wouldn't need to - you would want to take the breath test if
you hadn't been drinking? . . .

Panel Member: Martinez.

Prosecutor: What's that?

Panel Member: Martinez, and I agree as well.

Prosecutor: Ms. Martinez. Okay. And you?

Panel Member: Hagan.

Prosecutor: Ms. Hagan.

Panel Member: I agree.

Prosecutor: Okay, thank you.

We find nothing in the record indicating that Ms. Martinez and Ms. Hagan had established in their minds a conclusion as to
appellant's guilt or innocence, or that any such conclusion would influence their verdict. See Cannady, 11 S.W.3d at 209;
Curry, 910 S.W.2d at 493. Because appellant has failed to meet his burden on this issue, we overrule his second issue.

D. Prosecutorial Misconduct

In his third issue, appellant complains the State engaged in prosecutorial misconduct by failing "to disclose material
evidence favorable to the accused, and in the alternative, to refrain from deliberately misrepresenting the truth or knowingly
to use misleading testimony." Specifically, appellant contends that Juarez misrepresented to the jury the reliability of the
HGN test as ninety percent, when the National Highway Traffic Safety Administration ("NHTSA") report on the HGN
establishes its reliability at seventy-seven percent.

Juarez testified that:

[a]t four clues or more there is a 77 percent chance that the person is over a point 10. If you have all six clues and all we're
doing is this test, as what I did with the gentleman, if he displays all six clues there is a 90 percent chance that he is over a
point 10, keeping in mind that it's been lowered to a point 08.

Appellant contends that this statement is erroneous. However, the NHTSA report was not admitted into evidence, and the
trial court was not asked to take judicial notice of its contents. We find no evidence in the record showing what the
NHTSA report actually says concerning the percentage of reliability of the HGN test.

It is the appellant's duty to properly preserve any issue for which he wishes appellate review. See Tex. R. App. P. 33. 
Because appellant has failed to properly preserve this issue, we hold it is waived.

Alternatively, appellant argues that the State failed to disclose exculpatory evidence as it is required to do. See Brady v.
Maryland, 373 U.S. 83. 87 (1963) (holding that the due process clause of the federal constitution requires the State to
disclose all material exculpatory evidence in its possession in a criminal case). This argument suffers the same fatal flaw as
the previous argument - the information contained in the relevant document is not a part of the record before us. However,
it is clear from the record that appellant's trial counsel was aware of the information contained in the report, and referred to
it at trial. Even if we were to assume that such information was material, the State cannot be faulted for not disclosing
information already in the possession of the defendant. Appellant's third issue is overruled.

E. Failure to Declare a Mistrial

In his fourth issue, appellant contends the trial court abused its discretion in its "denial of a mistrial, due to prosecutorial
misconduct in referring to matters outside of the trial proceedings in closing."

Appellant presents no citations to the record showing that he ever requested a mistrial, and we find nothing in the record
showing that he ever did so. Furthermore, appellant's counsel conceded during the hearing on appellant's motion for new
trial that he never moved for a mistrial. Because appellant failed to preserve this issue for our review, we hold it is waived. 
See Tex. R. App. P. 33.1. Appellant's fourth issue is overruled.

We affirm the judgment of the trial court.



FEDERICO G. HINOJOSA

Justice




Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

24th day of January, 2002.

1. See Tex. Pen. Code Ann. art. 49.04(a) (Vernon Supp. 2002).

2. See Tex. Pen. Code Ann. art. 49.09(b) (Vernon Supp. 2002).

3. See Tex. Pen. Code Ann. art. 30.02(a) (Vernon Supp. 2002).

4. See Tex. Pen. Code Ann. art. 12.42(d) (Vernon Supp. 2002).

5. Appellant does not specifically complain that the evidence is legally insufficient; he contends merely that the evidence is
"insufficient." However, because he asserts in his brief that the jury had "no evidence" to support his conviction and asks
this Court for an acquittal, we conclude appellant's fifth issue is a challenge to the legal sufficiency of the evidence. See
Tibbs v. Florida, 457 U.S. 31, 39 (1982); Ladd v. State, 3 S.W.2d 547, 557 (Tex. Crim. App. 1999); Narvaiz v. State, 840
S.W.2d 415, 423 (Tex. Crim. App. 1992) (holding that the proper remedy for a finding of legal insufficiency to support a
conviction is an acquittal).

6. See Tex. Transp. Code Ann. § 547.333(c)(Vernon 1999).

7. Juarez testified that he normally asks persons who have been stopped on suspicion of DWI to perform two other field
sobriety tests: standing on one leg and walking a straight line. However, because appellant claimed that he was
handicapped and that he had trouble walking, Juarez did not ask appellant to perform these tests.

8. Appellant's vehicle was impounded after Juarez determined that appellant's wife was also intoxicated and was, therefore,
not able to safely drive the vehicle home.

9. We note that a person's refusal to submit a specimen of breath or blood may be introduced at trial. See Tex. Transp.
Code Ann. § 724.061 (Vernon 1999). We also note the court of criminal appeals has recently upheld a trial court's decision
to deny a DWI defendant the right to ask a venire panel, "Would you presume someone guilty if he or she refused a breath
test on their refusal alone?" Standefer v. State, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001. The court held that such a
question is an improper commitment question because neither of the possible answers to the question would lead to a valid
challenge for cause due to the fact that, by statute, a juror may permissibly infer guilt from evidence of refusal to take a
breath test. Id. at 183 (citing section 724.061 of the transportation code). While the issue of the propriety of the question
itself has not been raised in this case, we mention Standefer because of its conclusion that a valid challenge for cause could
not be based on either an affirmative or a negative answer to a question very similar to the question involved in this case.