NO. 07-07-0452-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 22, 2008



______________________________





DARRIN JAY CROOKS, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 06-2794; HON. CARTER T. SCHILDKNECHT, PRESIDING



_______________________________



Before CAMPBELL, HANCOCK and PIRTLE, JJ.
Memorandum Opinion
          Appellant, Darrin Jay Crooks, appeals his conviction for the offense of possession
of a controlled substance, cocaine, in an amount greater than four grams but less than 200
grams and sentence of 30 years incarceration in the Institutional Division of the Texas
Department of Criminal Justice. We affirm.
 
Background
          Appellant was stopped by police officers for a traffic violation. The officers searched
appellant’s vehicle and seized the contraband that is the subject of this case. Following
trial, a jury convicted appellant of the indicted offense. Appellant has raised no issue
regarding the conviction. Punishment was to the jury. At the charge conference relating
to punishment, appellant objected that the charge misstated the minimum sentence
provided by law. The trial court overruled appellant’s objection and the jury assessed
sentence at 30 years incarceration. By one issue, appellant appeals the trial court’s
instruction to the jury, contained in the court’s charge, that the minimum sentence
permitted by law was 25 years imprisonment.
Law and Analysis
          Appellant contends that two of the three prior felony convictions that were used to
enhance appellant’s punishment, as a matter of law, could not have been so used. 
Appellant contends that a 1990 felony driving while intoxicated (DWI) conviction was
unavailable for enhancement purposes in this case. Further, appellant contends that the
two 1997 felony DWI convictions did not occur in the statutory sequence required by Texas
Penal Code section 12.42(d) to be used in punishment enhancement and, thus, only one
of these convictions may be used. See Tex. Penal Code Ann. § 12.42(d) (Vernon Supp.
2008).


 The State argues that appellant misconstrues the law as it relates to use of the
1990 conviction and that the 1990 conviction, together with one of the 1997 convictions,
is sufficient to make the punishment enhancement provision of section 12.42(d) applicable
in this case.
          Appellant contends that the 1990 felony DWI conviction predates the 1995
legislative enactment of section 49.09(g), which authorizes jurisdictional enhancement
under section 49.09 or punishment enhancement under section 12.42 but not both, and,
therefore, the law in effect prior to the passage of section 49.09(g) must be applied to the
present case. We agree with appellant that section 49.09(g) was to be applied
prospectively, but we disagree with appellant’s construction of the prior law as it applies to
appellant’s case. 
          Appellant cites Phifer v. State, 787 S.W.2d 395, 396 (Tex.Crim.App. 1990), and
Rawlings v. State, 602 S.W.2d 268, 271 (Tex.Crim.App. 1980), for the proposition that the
law prior to 1995 precluded the use of prior DWI convictions for enhancement under the
general enhancement statute because of the existence of special enhancement provisions
applicable to DWI offenses. However, these cases hold only that, when a special
enhancement provision applies to the primary offense for which a defendant is charged,
prior offenses that could be used within the special enhancement provision applicable to
the charged offense may only be used within that special enhancement provision.


 See
Phifer, 787 S.W.2d at 396; Rawlings, 602 S.W.2d at 270. Section 49.09 is a special
enhancement provision that applies when the primary offense for which a defendant is
charged involves the operation of a motor vehicle while intoxicated. See § 49.09. 
However, in the present case, appellant was charged with possession of a controlled
substance. Appellant has not cited any special enhancement provision that applies when
the primary charge is for possession of a controlled substance. Neither have we found
such a special enhancement provision. Thus, the general enhancement provision of
section 12.42 applies in this case and the use of appellant’s 1990 felony DWI conviction
was a proper basis for enhancement of appellant’s punishment. See § 12.42(d). 
          Having determined that the 1990 felony DWI conviction is available to enhance
appellant’s punishment under the general enhancement provision of section 12.42, we
need not address appellant’s contention that one of the two 1997 convictions is unavailable
to enhance appellant’s punishment under section 12.42. Appellant concedes that one of
these felony convictions is available and, when combined with the 1990 felony conviction,
the trial court’s charge on punishment correctly identified the minimum sentence in this
case as 25 years incarceration. See § 12.42(d). 
 
 
Conclusion
          We overrule appellant’s issue and affirm the judgment of the trial court.


Mackey K. Hancock

Justice



Do not publish.