NO. 07-07-0452-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 22, 2008

_____

DARRIN JAY CROOKS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 06-2794; HON. CARTER T. SCHILDKNECHT, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**Memorandum Opinion**

Appellant, Darrin Jay Crooks, appeals his conviction for the offense of possession of a controlled substance, cocaine, in an amount greater than four grams but less than 200 grams and sentence of 30 years incarceration in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Background

Appellant was stopped by police officers for a traffic violation. The officers searched appellant's vehicle and seized the contraband that is the subject of this case. Following trial, a jury convicted appellant of the indicted offense. Appellant has raised no issue regarding the conviction. Punishment was to the jury. At the charge conference relating to punishment, appellant objected that the charge misstated the minimum sentence provided by law. The trial court overruled appellant's objection and the jury assessed sentence at 30 years incarceration. By one issue, appellant appeals the trial court's instruction to the jury, contained in the court's charge, that the minimum sentence permitted by law was 25 years imprisonment.

Law and Analysis

Appellant contends that two of the three prior felony convictions that were used to enhance appellant's punishment, as a matter of law, could not have been so used. Appellant contends that a 1990 felony driving while intoxicated (DWI) conviction was unavailable for enhancement purposes in this case. Further, appellant contends that the two 1997 felony DWI convictions did not occur in the statutory sequence required by Texas Penal Code section 12.42(d) to be used in punishment enhancement and, thus, only one of these convictions may be used. See TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2008).[1]  The State argues that appellant misconstrues the law as it relates to use of the

---

[1] Further references to provisions of the Texas Penal Code will be by reference to "section ___" or "§ ___."

1990 conviction and that the 1990 conviction, together with one of the 1997 convictions, is sufficient to make the punishment enhancement provision of section 12.42(d) applicable in this case.

Appellant contends that the 1990 felony DWI conviction predates the 1995 legislative enactment of section 49.09(g), which authorizes jurisdictional enhancement under section 49.09 or punishment enhancement under section 12.42 but not both, and, therefore, the law in effect prior to the passage of section 49.09(g) must be applied to the present case. We agree with appellant that section 49.09(g) was to be applied prospectively, but we disagree with appellant's construction of the prior law as it applies to appellant's case.

Appellant cites Phifer v. State, 787 S.W.2d 395, 396 (Tex.Crim.App. 1990), and Rawlings v. State, 602 S.W.2d 268, 271 (Tex.Crim.App. 1980), for the proposition that the law prior to 1995 precluded the use of prior DWI convictions for enhancement under the general enhancement statute because of the existence of special enhancement provisions applicable to DWI offenses. However, these cases hold only that, when a special enhancement provision applies to the primary offense for which a defendant is charged, prior offenses that could be used within the special enhancement provision applicable to the charged offense may only be used within that special enhancement provision.[2] See

---

[2] While Phifer and Rawlings state the law as it existed prior to the enactment of section 49.09(g), the prospective application of section 49.09(g) makes it applicable to primary offenses occurring after the effective date of the statute. Thus, even if the primary offense for which appellant was charged fell within the ambit of section 49.09, section 49.09(g) would still authorize the use of a pre-1995 felony DWI conviction to enhance

Phifer, 787 S.W.2d at 396; Rawlings, 602 S.W.2d at 270. Section 49.09 is a special enhancement provision that applies when the primary offense for which a defendant is charged involves the operation of a motor vehicle while intoxicated. See § 49.09. However, in the present case, appellant was charged with possession of a controlled substance. Appellant has not cited any special enhancement provision that applies when the primary charge is for possession of a controlled substance. Neither have we found such a special enhancement provision. Thus, the general enhancement provision of section 12.42 applies in this case and the use of appellant's 1990 felony DWI conviction was a proper basis for enhancement of appellant's punishment. See § 12.42(d).

Having determined that the 1990 felony DWI conviction is available to enhance appellant's punishment under the general enhancement provision of section 12.42, we need not address appellant's contention that one of the two 1997 convictions is unavailable to enhance appellant's punishment under section 12.42. Appellant concedes that one of these felony convictions is available and, when combined with the 1990 felony conviction, the trial court's charge on punishment correctly identified the minimum sentence in this case as 25 years incarceration. See § 12.42(d).

---

punishment under section 12.42, provided that the conviction was not also used as a jurisdictional enhancement under section 49.09. See Cody v. State, No. 05-06-01222-CR, 2007 Tex.App. LEXIS 2764, at *11-*12 (Tex.App.–Dallas April 11, 2007, pet. ref'd); Harris v. State, 204 S.W.3d 19, 27 (Tex.App.–Houston [14th Dist.] 2006, pet. ref'd).

Conclusion

We overrule appellant's issue and affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.