

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-037-CR

ANTHONY JAMAL BROWN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. ONE OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In one point, appellant Anthony Jamal Brown contends that his sentence for assault family violence with bodily injury is void and fundamentally defective because assault family violence is not subject to a repetition enhancement under the general enhancement statute. Because appellant failed to preserve his complaint in the trial court, we affirm.

---

[1] *See* Tex. R. App. P. 47.4.

Appellant was charged in a single indictment with punching or hitting his mother—a class A misdemeanor punishable by up to one year's confinement and up to a $4,000 fine, or both—enhanced with a prior 2002 conviction for assault causing bodily injury to a family member—a third degree felony punishable by confinement from two to ten years and an up to $10,000 fine. *See* Tex. Penal Code Ann. §§ 12.21, 12.34 (Vernon 2003), § 22.01(a)(1), (b)(2) (Vernon Supp. 2008); *see also* Tex. Fam. Code Ann. §§ 71.003, 71.005 (Vernon 2008) (defining "family" and "household" members). He was also charged with the same offense as to his sister. The State added a repeat offender notice, alleging that in 2003, appellant had been convicted of the felony offense of assault causing bodily injury to a family member. Upon a finding of true to the repeat offender allegation, the two counts for assault causing bodily injury to a family member would be enhanced to second degree felonies. *See* Tex. Penal Code Ann. § 12.42(a)(3) (Vernon Supp. 2008).

A jury acquitted appellant of assaulting his sister, but it found him guilty of assaulting his mother. Appellant then pled true to the repetition allegation, and the jury sentenced him to seven years' confinement.

In a single point, appellant contends that the repeat offender enhancement was void because the underlying assault offense had already been enhanced from a misdemeanor to a third degree felony as specifically provided

2

for in penal code section 22.01(b)(2). According to appellant, because the assault statute has its own specific enhancement provision, section 22.01(b)(2), further enhancement as a repeat offender under the general enhancement statute is prohibited. *See Phifer v. State*, 787 S.W.2d 395, 396–97 (Tex. Crim. App. 1990); *Rawlings v. State*, 602 S.W.2d 268, 270 (Tex. Crim. App. [Panel Op.] 1980).

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Here, appellant did not move to quash the repeat offender paragraph in the indictment, nor did he raise his appellate complaint in the trial court. Accordingly, we conclude and hold that appellant has failed to preserve this complaint for our review. *See* Tex. R. App. P. 33.1(a); *Harris v. State*, 204 S.W.3d 19, 27 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding that

3

propriety of enhancement allegation must be raised and ruled upon in trial court to be subject to appellate review).

We overrule appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 9, 2009

4