COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-037-CR

 

 

ANTHONY JAMAL BROWN                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

      FROM CRIMINAL DISTRICT
COURT NO. ONE OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In one point, appellant Anthony Jamal Brown
contends that his sentence for assault family violence with bodily injury is
void and fundamentally defective because assault family violence is not subject
to a repetition enhancement under the general enhancement statute.  Because appellant failed to preserve his
complaint in the trial court, we affirm.








Appellant was charged in a single indictment with
punching or hitting his motherCa class
A misdemeanor punishable by up to one year=s
confinement and up to a $4,000 fine, or bothCenhanced
with a prior 2002 conviction for assault causing bodily injury to a family
memberCa third
degree felony punishable by confinement from two to ten years and an up to
$10,000 fine.  See Tex. Penal Code
Ann. ''  12.21,
12.34 (Vernon 2003), ' 22.01(a)(1), (b)(2)
(Vernon Supp. 2008); see also Tex. Fam. Code Ann. '' 71.003,
71.005 (Vernon 2008) (defining Afamily@ and Ahousehold@
members).  He was also charged with the
same offense as to his sister.  The State
added a repeat offender notice, alleging that in 2003, appellant had been
convicted of the felony offense of assault causing bodily injury to a family
member.  Upon a finding of true to the
repeat offender allegation, the two counts for assault causing bodily injury to
a family member would be enhanced to second degree felonies.  See Tex. Penal Code Ann. ' 12.42(a)(3)
(Vernon Supp. 2008).

A jury acquitted appellant of assaulting his
sister, but it found him guilty of assaulting his mother.  Appellant then pled true to the repetition
allegation, and the jury sentenced him to seven years=
confinement.








In a single point, appellant contends that the
repeat offender enhancement was void because the underlying assault offense had
already been enhanced from a misdemeanor to a third degree felony as
specifically provided for in penal code section 22.01(b)(2).  According to appellant, because the assault
statute has its own specific enhancement provision, section 22.01(b)(2), further
enhancement as a repeat offender under the general enhancement statute is
prohibited.  See Phifer v. State,
787 S.W.2d 395, 396B97 (Tex. Crim. App. 1990); Rawlings
v. State, 602 S.W.2d 268, 270 (Tex. Crim. App. [Panel Op.] 1980).

To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley v.
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).








Here, appellant did not move to quash the repeat
offender paragraph in the indictment, nor did he raise his appellate complaint
in the trial court.  Accordingly, we
conclude and hold that appellant has failed to preserve this complaint for our
review.  See Tex. R. App. P.
33.1(a); Harris v. State, 204 S.W.3d 19, 27 (Tex. App.CHouston
[14th Dist.] 2006, pet. ref=d)
(holding that propriety of enhancement allegation must be raised and ruled upon
in trial court to be subject to appellate review).

We overrule appellant=s sole
point and affirm the trial court=s
judgment.

 

PER
CURIAM

 

 

PANEL:  LIVINGSTON, J.; CAYCE, C.J.; and WALKER, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 9, 2009











[1]See Tex. R. App. P. 47.4.