WALTER R. EDWARDS, *with aliases*, V. STATE

No. 29,649. May 28, 1958.

*W. B. Spell,* McAllen, *J. P. Darrouzet,* Austin, and *Bridges & Oxford* by *Royce A. Oxford,* Mission, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Our prior opinions are withdrawn, and the following is submitted in lieu thereof.

No statement of facts appears in the record, and the sole question presented for review is whether or not the repetition of offenses statutes (Articles 61, 62, and 63, V.A.C.C.P.) are applicable to subsequent convictions for the offense of driving while intoxicated. This question does not appear to have been heretofore answered.

The jury's verdict did not assess the punishment. We quote it.

"We, the Jury, find the Defendant guilty of driving a motor vehicle upon a public highway while intoxicated, subsequent offense, as charged in the first count of the indictment herein and we further find that each and all of the allegations set out in the second count of the indictment herein, charging a prior final conviction of a felony less than capital and one of like character as alleged against the Defendant in the first count of said indictment, to wit, driving a motor vehicle upon a public highway while intoxicated, subsequent offense, are true."

Upon such verdict, the court, giving application to Article 62, V.A.P.C., assessed the appellant's punishment at five years.

The case at bar presents a situation one step removed from that before us in Hill v. State, 158 Texas Cr. Rep. 313, 256 S.W. 2d 93. In Hill, we held that the prior use of a misdemeanor does not prevent its subsequent re-use for the same purpose; that is, to create a new and independent felony offense of driving while intoxicated, and that a prosecution under Article 802b, V.A.P.C., was not to be governed by the rules applicable in a prosecution under enhancement statutes (Articles 61-64, V.A.P.C.).

Here, however, we have a prior felony conviction for driving while intoxicated being used to enhance a subsequent felony conviction for the same offense by the application of the enhancement statute.

If Article 802b, V.A.P.C. (subsequent offense driving while intoxicated) is a special statute, then Article 62 (being a general statute) can have no application. Such statute reads, in part, as follows:

"* * * shall for *each and every subsequent such violation* be guilty of a felony; and upon conviction shall be punished by a fine of not less than One Hundred ($100.00) Dollars nor more than Five Thousand ($5,000.00) Dollars or confinement in the county jail not less than ten (10) days nor more than two (2) years, or by both such fine and imprisonment or by confinement in the state penitentiary not to exceed five (5) years."

It is now clear to us that it was the intention of the legislature to enact a special statute which alone provides the punishment to be assessed by the jury. It is axiomatic that a special statute controls over a general statute. Texas Dig. Statutes 225-½.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.