EX PARTE: J. C. BATEMAN.

No. 30,031. June 28, 1958.

*J. P. Darrouzet,* Austin, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Relator, an inmate of the penitentiary, seeks his release by writ of habeas corpus alleging that the judgment against him is void. The first paragraph of the indictment against him charged the felony offense of driving while intoxicated; the second charged a prior conviction for the felony offense of driving while intoxicated. The verdict read as follows:

"We, the jury, find the defendant guilty of driving while intoxicated, second offense, as charged in Paragraph 1 of the indictment herein, and we further find that each and all of the

allegations set out in Paragraph 2 of the indictment herein, charging a final conviction of the offense of driving a motor vehicle upon a public highway, while intoxicated, second offense, in Kaufman County, Texas, are true."

Upon this verdict the court sentenced relator to not less than one day nor more than five years in the penitentiary.

Recently, in Edwards v. State, No. 29,469 (page 301, this volume), 313 S.W. 2d 618, we had occasion to pass upon the question of whether the repetition of offenses statutes were applicable to subsequent convictions of the offense of driving while intoxicated and held that Article 802b, V.A.P.C., is a special statute which prevails over Article 62, V.A.P.C., the general statute, and that it was clear it was the intention of the legislature that a jury and not the court should assess punishment.

Since the verdict assessed no punishment, and in view of our holding in Edwards, the writ of habeas corpus is granted and relator is ordered discharged from confinement under such judgment and is ordered delivered to the sheriff of Cherokee County, there to stand trial on the indictment pending against him after the allegation of the prior felony conviction is stricken therefrom.