

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 27, 1966

Honorable George W. Fryer     Opinion No. C-669
County Attorney
Freestone County     Re: Whether the 2nd offense
Fairfield, Texas            of DWI (a felony) is an
                             offense consisting of
                             degrees as provided in
                             Articles 37.08 and 37.09
                             of the 1966 Code of Crim-
                             inal Procedure and related
Dear Mr. Fryer:            questions.

        You have asked the opinion of this office as to
whether a district court has jurisdiction to convict a per-
son of the misdemeanor offense of driving while intoxicated
in a case where the defendant is charged with the felony
offense of driving while intoxicated under Article 802b,
Vernon's Penal Code, and the State fails to prove the al-
leged prior conviction. In the case of McKenzie v. State,
263 S.W.2d 562 (Tex.Crim.1954), it was held that a district
court does have jurisdiction under such circumstances. In
addition, Article 4.06 of the Code of Criminal Procedure
expressly provides as follows:

       "Upon the trial of a felony case, the
       court shall hear and determine the case
       as to any grade of offense included in
       the indictment, whether the proof shows
       a felony or a misdemeanor."

        Your next inquiry is whether or not a conviction
for driving while intoxicated may be used for purposes of
enhancement under Articles 61, 62, and 63 of Vernon's Penal
Code. The answer to this question, insofar as Articles 62
and 63 are concerned, is yes, provided the other conditions
set forth in these Articles exist. See McKee v. State, 351
S.W.2d 246 (Tex.Crim.1961). With respect to Article 61, the
answer is no. The proof required for enhancement under this
Article would be the same proof required for a conviction
under Article 802b of the Penal Code, the statute which
defines DWI second offense and makes it a separate and
felony offense.

        Your next question is:

-3225-

"Would double jeopardy lie wherein a person goes to trial under a felony indictment as provided in Art. 802b; the State fails to prove the first offense as alleged and the primary offense, or second offense, is tried in the District Court and the person is acquitted. Could the second offense, assuming the District Court does not have the jurisdiction of the second offense, be refiled in the County Court as a misdemeanor DWI?"

The misdemeanor offense of DWI is an offense included in the allegation of the indictment alleging the felony offense of DWI. McKenzie v. State, 263 S.W.2d, 562, (Tex.Crim.1954). If the Defendant may properly be found guilty of an offense lower in grade than that for which he is prosecuted, the acquittal of such greater offense will bar a subsequent trial for the lower grade offense. See Irvin v. State 7 Tex. Crim Rep 78 (1879); Grisham v. State 19 Tex. Crim Rep. 504 (1885); Herera v. State 35 Tex. Crim.Rep.607, 34 SW 943 (1896).

Finally, you ask whether the felony offense of DWI is an offense consisting of degrees as provided in Articles 37.08 and 37.09 of the Code of Criminal Procedure. In McKenzie v. State, supra, the court held that, by virtue of Article 694, the misdemeanor offense of DWI is included in an indictment charging the felony offense of DWI. Since Article 694 was brought forward as Article 37.08 without change, you are hereby advised that in our opinion the holding of the court in McKenzie v. State, supra, is still determinative of this question.

## SUMMARY

A District Court has jurisdiction of the misdemeanor offense of driving while intoxicated where the Defendant is charged with the felony offense of driving while intoxicated and the State fails to prove the alleged prior conviction. A conviction of driving while intoxicated may be used for enhancement purposes, in the appropriate circumstances, under Articles 62 and 63 of Vernon's Penal Code. The necessary proof of enhancement under Article 61 of a prior driving while intoxicated conviction is the proof required by Article 802b, Vernon's Penal Code, which defines DWI, second

offense; therefore a prior conviction of misdemeanor driving while intoxicated may not be used for purposes of enhancement under Article 61, Vernon's Penal Code. The misdemeanor offense of driving while intoxicated is an offense included in the allegation of the indictment alleging the felony offense of driving while intoxicated, and acquittal of the charge of driving while intoxicated, second offense, would bar a subsequent prosecution for driving while intoxicated, first offense.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Robert E Owen_
ROBERT E. OWEN
Assistant Attorney General

REO/er

APPROVED:

OPINION COMMITTEE
W. O. Shultz, Chairman
Milton Richardson
Lonnie F. Zwiener
Pat Bailey
Robert Flowers

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright