**Johnny Lee RAWLINGS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59375.**

Court of Criminal Appeals of Texas, Panel No. 1.

July 16, 1980.

---

Joseph V. Gibson, III, Odessa, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for felony theft of property having a value of less than $200.00. V.T.C.A. Penal Code, Sec. 31.03(d)(4)(C). The punishment, enhanced by proof of an additional prior felony theft conviction, was assessed by the jury at imprisonment for twenty years. V.T.C.A. Penal Code, Sec. 12.42(a).

Appellant contends that Sec. 31.-03(d)(4)(C), supra, is a specific statute which alone governs the enhancement of misdemeanor theft offenses to the exclusion of Sec. 12.42(a), supra. This is a question on which this Court has previously withheld judgment. *Watson v. State*, 532 S.W.2d 619, 622 n.2 (Tex.Cr.App.1976).[1] We now hold that the punishment for felony theft of property having a value of less than $200.00, Sec. 31.03(d)(4)(C), supra, may be enhanced under Sec. 12.42(a) or (d) only if the prior felony convictions used for that purpose are for an offense other than theft. Stated in the converse, prior felony theft convictions may not be used to enhance, pursuant to Sec. 12.42(a) or (d), the punishment for felony theft of property having a value of less than $200.00. Accordingly, the judgment in this case must be reversed.

V.T.C.A. Penal Code, Sec. 31.03(d) reads as follows:

"An offense under this section is:

"(1) a Class C misdemeanor if the value of the property stolen is less than $5;

---

1. See *Busic v. United States*, —— U.S. ——, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), in which the Supreme Court discusses the rule that a specific statute controls over a general statute in relation to statutory enhancement of punishment.

"(2) a Class B misdemeanor if:

"(A) the value of the property stolen is $5 or more but less than $20; or

"(B) the value of the property stolen is less than $5 and the defendant has previously been convicted of any grade of theft;

"(3) a Class A misdemeanor if the value of the property stolen is $20 or more but less than $200;

"(4) a felony of the third degree if:

"(A) the value of the property stolen is $200 or more but less than $10,000, or the property is one or more head of cattle, horses, sheep, swine, or goats or any part thereof under the value of $10,000;

"(B) regardless of value, the property is stolen from the person of another or from a human corpse or grave; or

"(C) the value of the property stolen is less than $200 and the defendant has been previously convicted two or more times of any grade of theft;

"(5) a felony of the second degree if the value of the property stolen is $10,000 or more.

"(6) a felony of the second degree regardless of the value, if the property was stolen by threat to commit, in the future, a felony offense against the person or property of the person threatened or another."

Under this statutory scheme, theft of property having a value of less than $200.00 ordinarily constitutes a misdemeanor, but may constitute a third or second degree felony in some circumstances. Sec. 31.-03(d)(4) and (d)(6), supra. One of these aggravating circumstances is the defendant's prior record of theft convictions: if the defendant has been previously convicted two or more times of any grade of theft, a subsequent conviction for theft of less than $200.00 constitutes a third-degree felony. Sec. 31.03(d)(4)(C), supra. When this subsection is construed according to its fair import, V.T.C.A. Penal Code, Sec. 1.05, it is clear that a defendant's prior theft convictions, regardless of their number or degree, cannot serve to enhance the punishment for a subsequent theft of less than $200.00 beyond that of a third-degree felony. Thus, the punishment for third-degree felony theft under Sec. 31.03(d)(4)(C), supra, may not be enhanced pursuant to Sec. 12.42(a) or (d) by proof of one or more additional prior felony theft convictions. To this extent, Sec. 31.03(d)(4)(C), supra, constitutes a special enhancement statute which controls over the provisions of Sec. 12.42, supra.

This construction of Sec. 31.03(d)(4)(C), supra, is consistent with the construction this Court has previously given to two analogous statutes. Art. 6701*l*–2, V.A.C.S. provides that a person who has been convicted of the misdemeanor offense of operating a motor vehicle upon a public highway while intoxicated and who thereafter commits the same offense

"shall for each and every subsequent such violation be guilty of a felony; and upon conviction shall be punished by a fine of not less than One Hundred ($100.00) Dollars nor more than Five Thousand ($5,000.00) Dollars or confinement in the county jail not less than ten (10) days nor more than two (2) years, or by both such fine and imprisonment, or by confinement in the state penitentiary not to exceed five (5) years."

In *Edwards v. State*, 166 Tex.Cr.R. 301, 313 S.W.2d 618 (1958), a case brought under Art. 802b, V.A.P.C. (1925), the predecessor to the present Art. 6701*l*–2, supra, this Court held that a prior felony conviction for driving while intoxicated could not be used to enhance a subsequent felony conviction for the same offense by the application of the general enhancement provisions of the former penal code, from which the present Sec. 12.42(a) and (d), supra, are derived. Arts. 62 and 63, V.A.P.C. (1925). This Court stated that "it was the intention of the Legislature to enact a special statute which alone provides the punishment to be assessed" for subsequent convictions for driving while intoxicated. *Edwards v. State*, supra, 313 S.W.2d at 619.

Sec. 23(1) of the former Narcotic Drug Act, Art. 725b, V.A.P.C. (1925), provided that:

"Any person violating any provision of this Act shall, upon conviction be punished by confinement in the State penitentiary for not less than two (2) years nor more than life, and upon the second or any subsequent conviction therefor shall be punished by confinement in the penitentiary for life or for any term of years not less than ten (10), and the benefits of the suspended sentence law shall not be available to a defendant convicted for a violation of the provisions of this Act; provided that any person convicted of a first offense violation of this Act shall be entitled to the benefits of probation under the Adult Probation and Parole Law, as provided therein."

This Court held that this section of the Act was a special enhancement provision and that prior convictions for violations of the Act could not be used to enhance the punishment under former Arts. 62 or 63, supra, for a subsequent violation of the Act. *Granado v. State*, 168 Tex.Cr.R. 525, 329 S.W.2d 864 (1959); *Heredia v. State*, 468 S.W.2d 833 (Tex.Cr.App.1971). See also, *Young v. State*, 552 S.W.2d 441 (Tex.Cr.App.1977).

It is important to note that the holdings in *Edwards, Granado*, and *Heredia* prohibited the application of the general enhancement statutes to convictions under Art. 6701*l*–2, supra, and former Art. 725b, supra, only where the prior convictions were for violations of the same act. In *Tomlin v. State*, 170 Tex.Cr.R. 108, 338 S.W.2d 735 (Tex.Cr.App.1960), the defendant had been assessed punishment of imprisonment for life, pursuant to former Art. 63, supra. The prior felony convictions used for enhancement were for theft and robbery. This Court stated:

"It is insisted that since the primary offense was the violation of the Uniform Narcotic Drug Act, Art. 725b, Vernon's Ann.P.C., which provides a greater punishment upon a subsequent conviction than for a first, the enhancement of punishment statutes, Arts. 62 and 63, can have no application. He cites *Edwards v. State*, Tex.Cr.App., 313 S.W.2d 618, as supporting this contention.

"The answer to such contention lies in the fact that Art. 725b, V.A.P.C. does not provide an enhanced punishment by reason of prior conviction for felonies such as felony theft and burglary. Like Art. 802b, V.A.P.C., it provides the punishment applicable to a subsequent conviction *for violation of such statute.*

"*Edwards v. State*, supra, must be read in light of the fact that the prior conviction sought to be relied upon for enhancement under Art. 62, Vernon's Ann.P.C. as well as the primary offense charged was drunken driving, punishment for which as a first or subsequent conviction is found in Art. 802b, V.A.P.C. The *Edwards* case is not to be construed as holding that punishment for the felony offense of drunken driving cannot be enhanced under Art. 63, Vernon's Ann.P.C. upon allegation and proof of two or more prior convictions for felonies less than capital other than drunken driving.

"To the contrary, the punishment for violation of Art. 725b, V.A.P.C. or of Art. 802b, V.A.P.C., which is a felony less than capital, may be enhanced under Art. 63, Vernon's Ann.P.C., the prior convictions being for other non-capital felonies. *Granado v. State*, Tex.Cr.App., 329 S.W.2d 864, and *Leal v. State*, Tex.Cr.App., 332 S.W.2d 729, support such holding." [Emphasis added.]

In the instant case, two prior felony convictions were alleged for enhancement under Sec. 12.42, supra. One of these prior felony convictions was for theft, as we have seen, and the other was for murder. At the punishment stage, the paragraph alleging the prior conviction for murder was abandoned and only the prior felony theft conviction was proved for enhancement. Had the State abandoned the prior felony theft allegation and submitted to the jury sufficient proof of the prior murder conviction, enhancement pursuant to Sec. 12.42(a) would have been lawful. However, because the prior felony theft conviction was improperly used for enhancement under Sec. 12.42(a), the judgment cannot stand.

The judgment is reversed and the cause remanded.