James Roy SEATON, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–86–062–CR.

Court of Appeals of Texas,
Austin.

Oct. 8, 1986.

Troy Hurley, Odom & Hurley, Temple, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russel, Administrative Asst., Belton, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

PER CURIAM.

A jury found appellant guilty of driving while intoxicated, third offense. Tex.Rev. Civ.Stat.Ann. art. 6701*l*–1(b), (e) (Supp. 1986). The trial court, after finding that appellant had been previously convicted of the felony offenses of criminal mischief and aggravated assault, assessed punishment at imprisonment for thirty-five years. Tex.Pen.Code Ann. §§ 12.41(1) (1974) and 12.42(d) (Supp.1986).

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Gainous v. State,* 436 S.W.2d 137 (Tex.Cr.App. 1969). In addition, appellant has filed a *pro se* brief. Having reviewed both briefs, we find that reversible error is not presented. However, one contention raised by appellant in his *pro se* brief is worthy of further discussion.

Article 6701*l*–1(e) provides:

If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by:

(1) a fine of not less than $500 or more than $2,000; and

(2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term of not less than 60 days or more than five years.

In his fourth *pro se* point of error, appellant argues that the punishment for driving while intoxicated, third offense, may not exceed that specified in art. 6701*l*–1(e), and specifically may not be enhanced pursuant to § 12.42. In support of this contention, he cites *Guinn v. State,* 696 S.W.2d 436 (Tex.App.1985 pet. ref'd). In *Guinn* it is stated, in language not necessary to the decision, that art. 6701*l*–1(e) is "a special enhancement provision" which "excludes all other enhancement schemes, such as the

general enhancement provision found" in § 12.42(d). 696 S.W.2d at 438. In our opinion, this is not a correct statement of the law.

*Edwards v. State,* 313 S.W.2d 618 (Tex. Cr.App.1958), was a prosecution under former Penal Code art. 802b, a predecessor to the present art. 6701*l*–1(e).[1] In *Edwards,* the court held that the punishment assessed following conviction for driving while intoxicated, subsequent offense, could not be enhanced pursuant to the general enhancement provisions of the former Penal Code, from which the present § 12.42 is derived, by proof of another previous felony conviction for driving while intoxicated. The court stated that "it was the intention of the Legislature to enact a special statute which alone provides the punishment to be assessed" for subsequent convictions for driving while intoxicated. 313 S.W.2d at 619.

In *Tomlin v. State,* 170 Tex.Cr.R. 108, 338 S.W.2d 735 (1960), the Court of Criminal Appeals had occasion to elaborate on its decision in *Edwards:*

> Edwards v. State ... must be read in light of the fact that the prior conviction sought to be relied upon for enhancement ... as well as the primary offense charged was drunken driving, punishment for which as a first or subsequent conviction is found in Art. 802b V.A.P.C. The Edwards case is not to be construed as holding that punishment for the felony offense of drunken driving cannot be enhanced under [the general enhancement statute] upon allegation and proof of two or more prior convictions for felonies less than capital other than drunken driving.
>
> To the contrary, the punishment for violation of ... Art. 802b, V.A.P.C., which is a felony less than capital, may be enhanced under [the general enhancement

statute], the prior convictions being for other non-capital felonies.

338 S.W.2d at 736, 737.

*Rawlings v. State,* 602 S.W.2d 268 (Tex. Cr.App.1980) was a prosecution pursuant to what is now Tex.Pen.Code Ann. § 31.-03(e)(4)(C) (Supp.1986). Under this provision, what would otherwise be a misdemeanor theft becomes a felony if "the defendant has been previously convicted two or more times of any grade of theft." After thoroughly discussing *Edwards, Tomlin,* and other similar cases, the *Rawlings* court concluded that the punishment assessed in such a case could not be enhanced pursuant to § 12.42 by proof of additional previous felony theft convictions, but could be enhanced by proof of previous felony convictions for offenses other than theft. *See also Foster v. State,* 603 S.W.2d 879 (Tex.Cr.App.1980).

Following the teaching of the Court of Criminal Appeals in *Tomlin* and *Rawlings,* we hold that the punishment for driving while intoxicated, third offense, may not be enhanced pursuant to § 12.42 by proof of previous felony convictions for driving while intoxicated, but may be enhanced by proof of previous convictions for other felony offenses. Because the previous felony convictions used for enhancement in the present cause were for offenses other than driving while intoxicated, the punishment assessed is lawful.

We have examined the other points of error presented and find them to be without merit. The judgment of conviction is affirmed.

**1.** Article 802b provided, in pertinent part:

Any person who has been convicted of the misdemeanor offense of driving or operating an automobile or other motor vehicle upon any public road or highway in this state ... while intoxicated or under the influence of intoxicating liquor, and who shall thereafter drive or operate an automobile or other motor vehicle upon any public road or highway in this state ... while such person is intoxicated or under the influence of intoxicating liquor, shall for each and every subsequent such violation by guilty of a felony....