COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-444-CR
  
  
FLOYD 
RUSSELL STANLEY                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        The 
State charged Appellant Floyd Russell Stanley with assault causing bodily injury 
to a family member. A jury found Stanley guilty, and the trial court sentenced 
Stanley to forty years’ confinement. In three points, Stanley argues that the 
trial court committed reversible error by admitting the judgment and docket 
sheets from a prior conviction in Tarrant County, by overruling Stanley’s 
motion to quash the habitual offender paragraph in the indictment, and by not 
allowing a witness to testify as to certain matters concerning Stanley’s prior 
conviction. We will affirm.
II. Factual And 
Procedural Background
        On 
August 5, 2002, Stanley, Theresa Rowden, and Ms. Rowden’s two children spent 
the day relaxing at Pelican Bay. On their way home, they stopped at a fast-food 
restaurant. Stanley and Ms. Rowden’s two boys waited in the vehicle while Ms. 
Rowden went in and purchased food. Stanley became agitated while waiting and was 
involved in a minor fender-bender upon leaving the restaurant. Soon thereafter, 
Stanley and Ms. Rowden began arguing. As Stanley drove, he shoved and struck Ms. 
Rowden numerous times. Multiple witnesses in nearby vehicles observed Stanley 
striking Ms. Rowden and called 911. Eventually, a police vehicle pulled up 
behind Stanley’s vehicle, and Stanley pulled over.
        Police 
noticed blood splattered on Ms. Rowden’s face and clothes. She appeared to 
have injuries to her face, and was taken to the hospital. Officers detected the 
smell of alcohol on Stanley and, consequently, conducted field sobriety tests. 
Based on Stanley’s performance on the field sobriety tests, officers concluded 
that Stanley was intoxicated and they arrested him.
        Stanley 
was indicted for the offense of assault causing bodily injury to a family 
member. The indictment included an enhancement paragraph alleging that Stanley 
had previously been convicted of assault with bodily injury to a family member 
in Tarrant County. The indictment also included a habitual offender paragraph 
alleging that Stanley had previously committed two additional prior 
offenses—aggravated assault and indecency with a child. A jury convicted 
Stanley of the charged offense. Stanley pleaded not true to the habitual 
offender allegations; however, the trial court found them to be true and 
sentenced Stanley to forty years’ confinement. This appeal followed.
 
III. Complaints 
Regarding Prior Conviction for
Assault Causing 
Bodily Injury to a Family Member
 
        In 
his first point, Stanley complains that the trial court erred by admitting the 
judgment and docket sheets from his prior Tarrant County conviction for assault 
causing bodily injury to a family member. Stanley claims that the judgment and 
docket sheet from his prior conviction were not admissible because they were not 
under seal as required by the Texas Rules of Evidence. The State points out, 
however, that the proper embossed seal is present, and Stanley agreed during 
oral argument that, in fact, the required seal is present. We overrule 
Stanley’s first point. See Tex. 
R. Evid. 902(1).
        In 
his third point, Stanley argues that the trial court committed reversible error 
by failing to permit Ms. Rowden, the victim in Stanley’s prior assault causing 
bodily injury to a family member conviction, to testify that Stanley was not 
guilty of this prior offense.[2]  Stanley’s 
counsel astutely made a bill of exception setting forth the testimony from Ms. 
Rowden that he wanted to introduce before the jury concerning Stanley’s 
previous conviction of assault causing bodily injury to a family member.
        Ms. 
Rowden testified that she was the victim in the prior conviction and that 
despite the fact that Stanley pleaded guilty to the charge, she did not believe 
he intended to assault her. In discussing the events that served as the basis of 
the prior conviction, Ms. Rowden testified that she believed Stanley wanted to 
commit suicide by ingesting pills, that she reached to take them out of his 
hand, and that she was struck by Stanley, unintentionally, as a result of a 
“reflexive” movement. Trial counsel offered the proposed testimony to the 
court, arguing that “if this person is truly innocent of the prior case, it 
would seem like there should be a way for this -- I don’t know why this Court 
couldn’t do it in this case by submitting it to the jury.” The trial court 
denied Stanley the opportunity to present this evidence to the jury, reasoning 
that it would essentially be re-litigating an offense Stanley pleaded guilty to 
committing.
        We 
review a trial court’s decision to admit or exclude evidence under an abuse of 
discretion standard of review. Prystash v. State, 3 S.W.3d 522, 527 (Tex. 
Crim. App. 1999), cert. denied, 529 U.S. 1102 (2000); Montgomery v. 
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g). We will 
not reverse a trial court’s ruling absent a clear abuse of discretion. Couchman 
v. State, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth 1999, pet ref’d). A 
trial court does not abuse its discretion as long as its ruling was within the 
zone of reasonable disagreement. Id.
        A 
prior conviction used for enhancement purposes may be collaterally attacked if 
it is void or if it is tainted by a constitutional defect. See Galloway v. 
State, 578 S.W.2d 142, 143 (Tex. Crim. App. [Panel Op.] 1979); Wilson v. 
State, 44 S.W.3d 602, 605 (Tex. App.—Fort Worth 2001, pet. ref’d). Other 
lesser infirmities in a prior conviction, such as insufficiency of the evidence 
or irregularities in the judgment or sentence, may not be raised by a collateral 
attack. Wilson, 44 S.W.3d at 605.
        Here, 
Stanley’s proffered testimony from Ms. Rowden that he was essentially not 
guilty of the prior assault amounts to a collateral attack on the prior judgment 
for insufficiency of the evidence. The trial court did not abuse its discretion 
by prohibiting such a collateral attack and excluding the proposed testimony. See 
Wilson, 44 S.W.3d at 605. We overrule Stanley’s third point.
IV. Motion To 
Quash Habitual Offender Paragraph
        In 
his second point, Stanley argues that the trial court erred by overruling his 
motion to quash the indictment’s habitual offender paragraph. The State 
contends that this complaint is not preserved for our review. To preserve a 
complaint for our review, a party must have presented to the trial court a 
timely request, objection, or motion that states the specific grounds for the 
desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999). An objection 
stating one legal theory may not be used to support a different legal theory on 
appeal. Bell v. State, 938 S.W.2d 35, 54-55 (Tex. Crim. App. 1996); Schenck 
v. State, 652 S.W.2d 509, 511 (Tex. App.—Houston [1st Dist.] 1983, pet. 
ref’d). In such a case, error is not preserved for appellate review. Rezac 
v. State, 782 S.W.2d 869, 870-71 (Tex. Crim. App 1990).
        Stanley’s 
motion to quash the indictment states:
  
Defendant moves to quash the indictment because it prescribes cruel and unusual 
punishment under both the Texas and U.S. Constitutions. Specifically the state 
is enhancing a misdemeanor and enhancing it to a felony with another 
misdemeanor. Then they try to use two prior felony convictions and make this as 
habitual criminal indictment. This would take punishment range originally from 0 
to 1 year to 25-99 years or life, if convicted.
  
Defendant 
would show that such a punishment scheme is unconstitutional and denies him due 
process of law under the Texas and United States Constitutions and also 
constitutes cruel and unusual punishment under the same constitutions.
  
 
Trial 
counsel for Stanley again urged this line of reasoning in support of his motion 
to quash when the trial court considered pretrial motions. On appeal, however, 
Stanley argues that the trial court erred by overruling his motion to quash 
because the State improperly enhanced to habitual offender status an already 
enhanced assault charge. Stanley cites Rawlings v. State, 602 S.W.2d 268 
(Tex. Crim. App. [Panel Op.] 1980), in support of his argument that “Texas 
courts have held in similar situations that such enhancement is not available to 
the State.” Stanley further states “that not only can this case not be 
enhanced to habitual status by any previous felony convictions, it certainly 
cannot be enhanced as it was in this case with a prior assault conviction.”
        In 
the instant case, Stanley’s point on appeal does not comport with his motion 
to quash raised at trial. At trial, Stanley argued that the motion to quash 
should be granted because it denied him due process and constituted cruel and 
unusual punishment. On appeal, Stanley does not argue that habitualizing an 
enhanced assault by causing bodily injury to a family member is 
unconstitutional. Rather, he argues, generally, that such an act is not 
permitted by analogizing it to the facts of Rawlings. See, 602 
S.W.2d at 268. In Rawlings, the constitutional issues of due process and 
cruel and unusual punishment were not at issue. See id. Because 
Stanley’s argument on appeal differs from the argument raised in his motion to 
quash, he has forfeited this issue. See Tex. R. App. P. 33.1(a)(1); Mendez v. 
State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); Rezac, 782 S.W.2d 
at 870. We overrule Stanley’s second point.
V. Conclusion
        Having 
overruled all of Stanley’s points, we affirm the trial court’s judgment.
 
  
                                                          SUE 
WALKER
                                                          JUSTICE
  
  
PANEL 
B:   LIVINGSTON, HOLMAN, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
December 2, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Stanley also argues on appeal that Ms. Rowden’s bill of exception testimony 
was admissible because it constituted a prior inconsistent statement and was 
relevant to Ms. Rowden’s credibility as a witness.  These grounds for 
admissibility, however, were not asserted in the trial court, so we decline to 
address them.  See Tex. R. 
App. P. 33.1(a)(1).