Floyd Russell Stanley v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-444-CR

FLOYD RUSSELL STANLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

The State charged Appellant Floyd Russell Stanley with assault causing bodily injury to a family member.  A jury found Stanley guilty, and the trial court sentenced Stanley to forty years’ confinement.  In three points, Stanley argues that the trial court committed reversible error by admitting the judgment and docket sheets from a prior conviction in Tarrant County, by overruling Stanley’s motion to quash the habitual offender paragraph in the indictment, and by not allowing a witness to testify as to certain matters concerning Stanley’s prior conviction.  We will affirm.

II.  Factual And Procedural Background

On August 5, 2002, Stanley, Theresa Rowden, and Ms. Rowden’s two children spent the day relaxing at Pelican Bay.  On their way home, they stopped at a fast-food restaurant.  Stanley and Ms. Rowden’s two boys waited in the vehicle while Ms. Rowden went in and purchased food.  Stanley became agitated while waiting and was involved in a minor fender-bender upon leaving the restaurant.  Soon thereafter, Stanley and Ms. Rowden began arguing.  As Stanley drove, he shoved and struck Ms. Rowden numerous times.  Multiple witnesses in nearby vehicles observed Stanley striking Ms. Rowden and called 911.  Eventually, a police vehicle pulled up behind Stanley’s vehicle, and Stanley pulled over. 

Police noticed blood splattered on Ms. Rowden’s face and clothes.  She appeared to have injuries to her face, and was taken to the hospital.  Officers detected the smell of alcohol on Stanley and, consequently, conducted field sobriety tests.  Based on Stanley’s performance on the field sobriety tests, officers concluded that Stanley was intoxicated and they arrested him. 

Stanley was indicted for the offense of assault causing bodily injury to a family member.  The indictment included an enhancement paragraph alleging that Stanley had previously been convicted of assault with bodily injury to a family member in Tarrant County.  The indictment also included a habitual offender paragraph alleging that Stanley had previously committed two additional prior offenses—aggravated assault and indecency with a child.  A jury convicted Stanley of the charged offense.  Stanley pleaded not true to the habitual offender allegations; however, the trial court found them to be true and sentenced Stanley to forty years’ confinement.  This appeal followed.

III.  Complaints Regarding Prior Conviction for

Assault Causing Bodily Injury to a Family Member

In his first point, Stanley complains that the trial court erred by admitting the judgment and docket sheets from his prior Tarrant County conviction for assault causing bodily injury to a family member.  Stanley claims that the judgment and docket sheet from his prior conviction were not admissible because they were not under seal as required by the Texas Rules of Evidence. The State points out, however, that the proper embossed seal is present, and Stanley agreed during oral argument that, in fact, the required seal is present. We overrule Stanley’s first point.  
See 
Tex. R. Evid.
 902(1).

In his third point, Stanley argues that the trial court committed reversible error by failing to permit Ms. Rowden, the victim in Stanley’s prior assault causing bodily injury to a family member conviction, to testify that Stanley was not guilty of this prior offense.
(footnote: 2)  Stanley’s counsel astutely made a bill of exception setting forth the testimony from Ms. Rowden that he wanted to introduce before the jury concerning Stanley’s previous conviction of assault causing bodily injury to a family member. 

Ms. Rowden testified that she was the victim in the prior conviction and that despite the fact that Stanley pleaded guilty to the charge, she did not believe he intended to assault her.  In discussing the events that served as the basis of the prior conviction, Ms. Rowden testified that she believed Stanley wanted to commit suicide by ingesting pills, that she reached to take them out of his hand, and that she was struck by Stanley, unintentionally, as a result of a “reflexive” movement.  Trial counsel offered the proposed testimony to the court, arguing that “if this person is truly innocent of the prior case, it would seem like there should be a way for this -- I don’t know why this Court couldn’t do it in this case by submitting it to the jury.”  The trial court denied Stanley the opportunity to present this evidence to the jury, reasoning that it would essentially be re-litigating an offense Stanley pleaded guilty to committing. 

We review a trial court’s decision to admit or exclude evidence under an abuse of discretion standard of review.  
Prystash v. State
, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1102 (2000); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  We will not reverse a trial court’s ruling absent a clear abuse of discretion.  
Couchman v. State
, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth 1999, pet ref’d).  A trial court does not abuse its discretion as long as its ruling was within the zone of reasonable disagreement.  
Id
. 

A prior conviction used for enhancement purposes may be collaterally attacked if it is void or if it is tainted by a constitutional defect.  
See Galloway v. State
, 578 S.W.2d 142, 143 (Tex. Crim. App. [Panel Op.] 1979); 
Wilson v. State, 
44 S.W.3d 602, 605 (Tex. App.—Fort Worth 2001, pet. ref’d).  Other lesser infirmities in a prior conviction, such as insufficiency of the evidence or irregularities in the judgment or sentence, may not be raised by a collateral attack.  
Wilson
, 44 S.W.3d at 605.  

Here, Stanley’s proffered testimony from Ms. Rowden that he was essentially not guilty of the prior assault amounts to a collateral attack on the prior judgment for insufficiency of the evidence.  The trial court did not abuse its discretion by prohibiting such a collateral attack and excluding the proposed testimony.  
See Wilson, 
44 S.W.3d at 605
.  We overrule Stanley’s third point.

IV.  Motion To Quash Habitual Offender Paragraph 

In his second point, Stanley argues that the trial court erred by overruling his motion to quash the indictment’s habitual offender paragraph.  The State contends that this complaint is not preserved for our review.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  An objection stating one legal theory may not be used to support a different legal theory on appeal.  
Bell v. State
, 938 S.W.2d 35, 54-55 (Tex. Crim. App. 1996); 
Schenck v. State
, 652 S.W.2d 509, 511 (Tex. App.—Houston [1st Dist.] 1983, pet. ref’d).
  
In such a case, error is not preserved for appellate review.  
Rezac v. State
, 782 S.W.2d 869, 870-71 (Tex. Crim. App 1990). Stanley’s motion to quash the indictment states:

Defendant moves to quash the indictment because it prescribes cruel and unusual punishment under both the Texas and U.S. Constitutions.  Specifically the state is enhancing a misdemeanor and enhancing it to a felony with another misdemeanor.  Then they try to use two prior felony convictions and make this as habitual criminal indictment.  This would take punishment range originally from 0 to 1 year to 25-99 years or life, if convicted.

Defendant would show that such a punishment scheme is unconstitutional and denies him due process of law under the Texas and United States Constitutions and also constitutes cruel and unusual punishment under the same constitutions.

Trial counsel for Stanley again urged this line of reasoning in support of his motion to quash when the trial court considered pretrial motions.  On appeal, however, Stanley argues that the trial court erred by overruling his motion to quash because the State improperly enhanced to habitual offender status an already enhanced assault charge.  Stanley cites 
Rawlings v. State
, 602 S.W.2d 268 (Tex. Crim. App. [Panel Op.] 1980),
 
in support of his argument that “Texas courts have held in similar situations that such enhancement is not available to the State.”  Stanley further states “that not only can this case not be enhanced to habitual status by any previous felony convictions, it certainly cannot be enhanced as it was in this case with a prior assault conviction.” 

In the instant case, Stanley’s point on appeal does not comport with his motion to quash raised at trial.  At trial, Stanley argued that the motion to quash should be granted because it denied him due process and constituted cruel and unusual punishment.  On appeal, Stanley does not argue that habitualizing an enhanced assault by causing bodily injury to a family member is unconstitutional.  Rather, he argues, generally, that such an act is not permitted by analogizing it to the facts of 
Rawlings
.  
See
, 602 S.W.2d at 268. In 
Rawlings
, the constitutional issues of due process and cruel and unusual punishment were not at issue.  
See id
.  Because Stanley’s argument on appeal
 
differs from the argument raised in his motion to quash, he has forfeited this issue.  
See 
Tex. R. App. P.
 33.1(a)(1); 
Mendez v. State
, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); 
Rezac
, 782 S.W.2d at 870.  We overrule Stanley’s second point.  

V.  
Conclusion

Having overruled all of Stanley’s points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 2, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Stanley also argues on appeal that Ms. Rowden’s bill of exception testimony was admissible because it constituted a prior inconsistent statement and was relevant to Ms. Rowden’s credibility as a witness.  These grounds for admissibility, however, were not asserted in the trial court, so we decline to address them.  
See 
Tex. R. App. P.
 33.1(a)(1).