IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-70,875-01; 70,875-02; 70,875-03; 70,875-04






EX PARTE BILLY FITZGERALD JACKSON, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 007-1580-07; 007-1581-07; 007-1582-07-A; 007-1583-07 


 IN THE 7th DISTRICT COURT

FROM SMITH COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts
of theft under $1,500 and one count of evading arrest and sentenced to 20 years' imprisonment for
each case. He did not appeal his convictions. 

 Applicant contends that his pleas were involuntary because, among other things, trial counsel
advised him of the incorrect range of punishment. Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding Applicant's
claim that his plea was involuntary due to incorrect advice concerning the range of punishment he
faced. Specifically, the trial court shall make findings with regard to whether any other non-theft
prior felony convictions were available to enhance Applicant's theft under $1,500 convictions. Ex
parte Rich, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006); Rawlings v. State, 602 S.W.2d 268 (Tex.
Crim. App. 1980). The trial court shall make findings of fact and conclusions of law regarding
whether Applicant had any final evading arrest convictions prior to the instant evading arrest
conviction and whether any injuries or deaths resulted from the instant evading arrest conviction.
Tex. Pen. Code § 38.04(b). The trial court shall also make findings of fact and conclusions of law
with respect to whether Applicant's conviction for robbery in cause number 1-92-938 in the 241st
District Court of Smith County on July 13, 1993 contained an affirmative finding of the use or
exhibition of a deadly weapon. Trial counsel's affidavit states that he "was well aware of the
sentencing ranges in his cases." The trial court shall make findings of fact and conclusions of law
regarding what trial counsel told Applicant with respect to the applicable sentencing ranges for the
three theft offenses and the evading arrest offense. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 26, 2008

Do not publish