

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0914-09

**TROY A. BOWLEY, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## LUBBOCK COUNTY

**JOHNSON, J., filed a dissenting opinion.**

## D I S S E N T I N G   O P I N I O N

In this case, the state used two prior convictions for driving while intoxicated (DWI) to increase the degree of the offense to a felony, then two more convictions for felony DWI to enhance the range of punishment to that of a first-degree felony. This is prohibited by our case law.

In *Phifer v. State*, 787 S.W.2d 395 (Tex. Crim. App. 1990), this Court determined that a felony DWI could be enhanced under Chapter 12, Subchapter D, of the Penal Code and that a felony DWI could be used to enhance the range of punishment of a felony under Subchapter D, but it could not be used to do so if the indictment alleged the offense of felony DWI.

> Additionally, special enhancement provisions for a primary offense have long been held to bar enhancement under general statutes only for prior offenses that could be used within the special provisions. *See Rawlings v. State*, 602 S.W.2d 268 (Tex.Cr.App. 1980); *Heredia v. State*, 468 S.W.2d 833 (Tex.Cr.App. 1971); *Tomlin v. State*, 170 Tex.Crim. 108, 338 S.W.2d 735 (1960); *Edwards v. State*, 166 Tex.Crim. 301, 313 S.W.2d 618 (1958). Applying that principle to this cause would preclude use of prior felony DWI convictions, but not other felony convictions, to enhance under Chapter 12.

*Phifer*, 787 S.W.2d at 396.

I understand this concept to be set out in Penal Code Section 49.09(g): "A conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, Chapter 12, but not under both this section and Subchapter D." During the late1980s, various courts of appeals decided cases in which the issue was whether felony DWI convictions could be used to enhance a range of punishment under Subchapter D, with mixed results. *See, e.g., Jones v. State*, 762 S.W.2d 330 (Tex. App.–Austin 1988)(can enhance DWI under Subchapter D); *Childress v. State*, 756 S.W.2d 11 (Tex. App.–Houston [1st])(cannot enhance DWI under Subchapter D). *Phifer* settled the question, deciding that a felony DWI conviction could be enhanced under Subchapter D, but not with another DWI conviction. Section 49.09(g) first appears in the Penal Code after the 1995 session of the legislature and may be a validation of *Phifer*, even if poorly phrased.

Section 49.09(g) is clear as to permitting the use of felony DWI to enhance a non-DWI felony, but not so clear as to using different prior DWI convictions to enhance the offense under both Chapter 49 and Subchapter D. In *Phillips v. State*, 992 S.W.2d 491 (Tex. Crim. App. 1999), we interpreted the language of Section 49.09(g)(49.09(f) at the time of *Phillips*) to allow the use of prior DWI convictions to both raise the offense to a felony and enhance it under Subchapter 12, the precise use prohibited by *Phifer*. *Phillips* did not overrule *Phifer*, thus *Phifer* remains good law and stands

in stark contradiction of *Phillips*. Under *Phifer*, the indictment in this case was subject to being quashed. Perhaps the legislature would care to revisit Section 49.09(g) and clarify its intent.

I respectfully dissent.

Filed: May 5, 2010
Publish