

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00226-CR

_____

**JAMES W. HARMS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 13th District Court
Navarro County, Texas
Trial Court No. 32197**

_____

## MEMORANDUM  OPINION

_____

Appellant pled guilty to the offense of theft of property valued at less than $1,500 and enhanced by two prior theft convictions to a state jail felony. TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2010). Appellant also pled true to two enhancement paragraphs which alleged sequential, final felony convictions that occurred prior to his current offense. These enhancement paragraphs made the case a second degree felony. TEX. PENAL CODE ANN. § 12.42(a)(2) (West Supp. 2010). Appellant entered his pleas without any agreement as to his sentence. After a hearing, the trial court found

appellant guilty, found the enhancement paragraphs true and assessed appellant's punishment at 18 years in prison. Appellant appeals.

During the night of August 11, 2008, appellant drove a pickup truck to the back of a business. He stole two light stands, a jack stand, a screw jack, a section of chain wire mesh and some other items of scrap metal worth a total of between $50 and $1,500. The owner of the business had been plagued by a rash of thefts. He had just installed a video surveillance system on his property which captured the crime on video. Appellant's criminal history included the two prior theft convictions used to enhance his conviction and the two burglary of a habitation convictions used to prove the two enhancement paragraphs. Neither the voluntariness of appellant's plea nor the sufficiency of the evidence is challenged.

In a single issue, appellant contends that his punishment exceeded the statutory punishment range. He contends that the burglary of a habitation convictions were not available for enhancement because they are a "grade of theft." Thus, the correct punishment range should have been for a state jail felony rather than a second degree felony.

Initially, the state argues that appellant has not properly preserved the issue because it was not raised at the trial court. The rules of appellate procedure require, under most circumstances, that an appellant show that a proper "complaint was made to the trial court." TEX. R. APP. P. 33.1. Appellant made no such complaint to the trial court. Indeed, at trial, appellant's attorney specifically acknowledged that the enhancements were "statutorily authorized." However, on appeal, appellant complains

that his punishment exceeded the statutory punishment range. A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Unlike most trial errors which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence. *Id*. at n.6. Accordingly, in this case, appellant was not required to preserve his complaint.

Appellant's contention, nevertheless, is totally without merit. Appellant relies exclusively on *Rawlings v. State*, 602 S.W.2d 268 (Tex. Crim. App. 1980). *Rawlings* held, as a basis of statutory construction, that when a misdemeanor theft conviction is enhanced to a felony by the use of two or more previous theft convictions, it cannot be further enhanced by felony theft convictions. Appellant wants to expand the *Rawlings* holding by arguing that burglary of a habitation is also a type of theft. This argument to expand *Rawlings* has been repeatedly rejected. *E.g. Shaw v. State*, 794 S.W.2d 544, 545 (Tex. App.—Dallas 1990, no pet.) (forgery conviction allowed for enhancement); *Coleman v. State*, 947 S.W.2d 586 (Tex. App.—Texarkana 1997, no pet.) (aggravated robbery conviction allowed for enhancement). The argument has been specifically rejected in regards to burglary enhancements – the identical argument to the one appellant makes here. *Chambers v. State*, 736 S.W.2d 192, 196 (Tex. App.—Dallas 1987, no pet.); *Lackey v. State*, 881 S.W.2d 418 (Tex. App.—Dallas 1994, pet. ref'd). Appellant's issue is overruled.

Having overruled appellant's sole issue, the judgment is affirmed.


KEN ANDERSON
District Judge


Before Chief Justice Gray,
     Justice Scoggins and
     Judge Anderson[1]
Affirmed
Opinion delivered and filed June 8, 2011
Do not publish
[CR25]

---

[1] Ken Anderson, Judge of the 277th District Court of Williamson County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to Section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West Supp. 2010).