

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,664

**EX PARTE JIMMY DALE NORVELL, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 9692-B IN THE 132ND JUDICIAL DISTRICT COURT
### FROM SCURRY COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,

the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.

*Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of

felony theft and was sentenced to 5 years' imprisonment. He did not appeal the conviction.

In this writ application, Applicant contends that his sentence is not authorized by law

because the enhancement of the applicable punishment range from that of a state jail felony

to a third-degree felony was not proper. This claim may be raised before this Court in an

Article 11.07 application for a writ of habeas corpus. *See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006). After an independent review of the record provided, we agree that the enhancement was not proper. *See Rawling v. State*, 602 S.W.2d 268, 269-70 (Tex. Crim. App. 1980). Relief on this claim is therefore granted.

In cases such as this where there was a plea agreement between the parties, "[T]he proper remedy is to allow Applicant to withdraw his plea and remand the case to the trial court, putting both parties back in their original positions before they entered into the plea bargain." *Id*. at 514-15. We hold, therefore, that in Cause Number 9692, *The State of Texas v. Jimmy Dale Norvell*, in the 132nd Judicial District Court of Scurry County, Applicant's conviction and sentence are set aside, and the parties are returned to their respective positions before they entered into the plea bargain. All other relief is denied.

Applicant is remanded to the custody of the Sheriff of Scurry County, Texas, to answer the indictment filed against him in Cause Number 9692, *The State of Texas v. Jimmy Dale Norvell*, in the 132nd Judicial District Court of Scurry County. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Delivered: October 19, 2011

Do Not Publish