IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,902-01






EX PARTE ANTHONY HOWARD OLSEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 62903-01-A IN THE 47TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to five years' imprisonment. He did not appeal his conviction.

 Applicant contends that his sentence is illegal as it is outside the applicable range of
punishment. Applicant also contends that his plea was involuntary because trial counsel rendered
ineffective assistance when he gave incorrect advice as to the applicable punishment range. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex Parte Rich, 194 S.W.3d 508 (Tex. Crim. App. 2006); Ex parte Morrow,
952 S.W.2d 530 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
is serving an illegal sentence. Specifically, the trial court shall make findings with regard to whether
any other non-theft prior felony convictions were available to enhance Applicant's theft under $1,500
convictions beyond the state-jail felony range. Ex parte Rich, 194 S.W.3d 508, 511 (Tex. Crim. App.
2006); Rawlings v. State, 602 S.W.2d 268 (Tex. Crim. App. 1980). The trial court shall also make
specific findings addressing whether the performance of Applicant's trial counsel was deficient and,
if so, whether counsel's deficient performance prejudiced Applicant. The habeas record suggests that
Applicant was admonished that he faced second-degree felony punishment. The trial court shall
make specific findings as to the contents of trial counsel's admonishments to Applicant concerning
the range of punishment applicable in this case. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: August 22, 2012

Do not publish