IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,760-01






EX PARTE JEFFERY LYNN SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-09-337 IN THE 22ND DISTRICT COURT


FROM HAYS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of theft as a repeat
offender and sentenced to two years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was not voluntary because his trial counsel failed to advise
him the charge to which he was pleading was incorrectly enhanced and failed to advise him of the
proper punishment range. Applicant was charged with theft having two prior misdemeanor theft
convictions, which was a state jail felony. Tex. Penal Code § 31.03(e)(4)(D) (2008). The
indictment also alleged in enhancement paragraphs that Applicant had been convicted in sequence
of state-jail felony theft and felony theft, but it appears there was no enhancement statute applicable
to this situation. See Tex. Penal Code § 12.42 (2008). Further, because both these prior convictions
were for theft and because Applicant was charged with theft as a repeater, these prior theft
convictions could not be used to further enhance the applicable punishment range. Rawlings v. State,
602 S.W.2d 268, 270 (Tex.Crim.App.1980) (holding that while prior felony theft convictions may
be used under section 31.03 to enhance a misdemeanor theft conviction to be punished as state jail
felony third-offender theft, they may not be used under section 12.42 to enhance the punishment for
misdemeanor theft beyond state jail felony third-offender theft). It appears, however, the State and
trial counsel may have believed the punishment level was elevated from that of a state jail felony to
that of a second-degree felony because the plea bargain lists the offense as a second-degree felony
as well as the judgment of conviction. Further, the record shows Applicant was admonished in the
plea papers that the offense was a third-degree felony, and the docket sheet indicates a two-year state
jail sentence.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex.Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall resolve
the disputed issues by obtaining a response from Applicant's trial counsel addressing Applicant's
claims and detailing his representation of Applicant and the advice given to him. To obtain this
response, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may also rely on its personal recollection. Id. If the trial court
elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims of ineffective assistance and involuntary plea. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: January 9, 2013

Do not publish