**Milton Ray CRAWFORD, Appellant**

v.

**The STATE of Texas**

**NO. PD-1283-15**

Court of Criminal Appeals of Texas.

DELIVERED: February 15, 2017

ATTORNEYS FOR APPELLANT: Richard E. Wetzel, 1411 West Ave., Suite 100, Austin, TX 78701

ATTORNEYS FOR THE STATE: Susannah Prucka, 300 East 26th Street, Suite 310, Bryan, TX, Stacey Soule, State's Attorney, Austin, TX

## OPINION

Yeary, J., delivered the opinion of the Court in which Keller, P.J., and Keasler, Richardson, Newell, and Keel, JJ., joined.

Pleading guilty to the offense of sexual assault in 1984, Appellant was convicted and later required to register as a sex offender. Twice after that, in 2007 and then again in 2009, he was convicted of the felony offense of failing to comply with sex-offender-registration requirements. In 2013, he was once again indicted for failing to comply with sex-offender-registration requirements, a third degree felony under Article 62.102(b)(2) of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 62.102(b)(2). Moreover, the 2013 indictment alleged the two previous felony sex-offender-registration offenses in enhancement paragraphs, to bring Appellant within the ambit of Section 12.42(d) of the Penal Code and thereby raise his exposure to a term of life, or not more than 99 years or less than 25 years, in the penitentiary. Appellant objected to the application of Section 12.42(d) to enhance his punishment, but nevertheless pled true to the enhancement paragraphs. A jury found them to be true and assessed his punishment at a term of 85 years in the penitentiary.

On appeal, Appellant again challenged the legality of his enhanced sentence. He argued that the State could not use prior felony offenses for failure to comply with sex-offender-registration requirements to punish him as a habitual felony offender for a subsequent sex-offender-registration offense under Section 12.42(d) of the Penal Code.[1] As he did in the trial court, he pointed out that the sex-offender-registration scheme has its own specialized provision for enhancing a sex-offender-registration offense with prior sex-offender-registration infractions. Article 62.102(c) of the Code of Criminal Procedure provides that, if it is "shown at the trial" that a sex-offender-registration offender has been previously convicted of a sex-offender-registration offense, then his punishment "is increased to the punishment for the next highest degree of felony."[2] Appellant contends that he should have been punished under this provision, which would have exposed him to the range of punishment for a second degree offender, a range of only two to twenty years. TEX. PENAL CODE § 12.33(a). Because he received a sentence greatly in excess of that range, Appellant argued, he was harmed. In an unpublished opinion, the

---

1. *See* TEX. PENAL CODE § 12.42(d) ("[I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted to two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.").

2. *See* TEX. CODE CRIM. PROC. art. 62.102(c) ("If it is shown at the trial of a person for an offense ... under this article that the person has previously been convicted of *an offense* ... under this article, the punishment for the offense ... is increased to the punishment for the next highest degree of felony.") (emphasis added).

Tenth Court of Appeals rejected Appellant's argument. *Crawford v. State*, No. 10-14-00127-CR, 2015 WL 5656004, at *1-3 (Tex. App.—Waco 2015) (mem. op., not designated for publication).

 We granted Appellant's petition for discretionary review in order to review Appellant's contention that the court of appeals erred to hold that the State could invoke Section 12.42(d) to punish him as a habitual offender. Appellant argues that, at least when it comes to enhancing sex-offender-registration offenses with prior sex-offender-registration offenses, Article 62.102(c) covers the field—to the exclusion of any application of Section 12.42(d). We disagree and will affirm the judgment of the court of appeals.

It is true that we have held that, when the Legislature has enacted a more specific enhancement scheme, the more specific scheme will control over the general enhancement regime of Section 12.42. For example, in *Rawlings v. State*, 602 S.W.2d 268 (Tex. Crim. App. 1980), we held that a conviction for theft of property having a value of less than $200 could only be enhanced with other theft convictions under the auspices of a specific enhancement provision in the theft statute. There are two notable features of *Rawlings* that are relevant to the issue in the present case. First, we insisted that the existence of a specific regime for enhancing a theft conviction with another theft conviction did not mean that the general enhancement provision contained in Section 12.42 could not apply to enhance a felony theft of property less than $200 in value with some *other* prior felony conviction, such as murder. *Id.* at 269, 271. Extrapolating from the holding in *Rawlings*, the mere existence of Article 62.102(c) does not prohibit the enhancement of a sex-offender-registration offense with prior non–sex-offender-registration offenses, such as murder or burglary, un-der Section 12.42. Indeed, Appellant does not contend otherwise.

The second, and more salient, feature to note about *Rawlings* is that the specific enhancement provision in the theft-of-less-than-$200 statute expressly addressed how to enhance with *multiple* prior convictions for theft. The specific enhancement provision in the theft statute, at issue in *Rawlings*, explicitly set out how to enhance the punishment for a conviction for theft of property valued at less than $200 where "the defendant has been previously convicted *two or more times* of any grade of theft[.]" *Id.* at 270 (quoting then-Section 31.03(d) of the Penal Code). We analogized to other specific enhancement provisions that likewise addressed the enhancement of particular offenses when the defendant had previously been convicted one or more times of that same particular offense. *Id.* at 270-71; *see Edwards v. State*, 166 Tex. Crim. 301, 313 S.W.2d 618 (1958) (holding that the general enhancement provisions did not control where the D.W.I. statute provided its own enhancement scheme making "each and every subsequent such violation" a felony subject to five years' incarceration); *Heredia v. State*, 468 S.W.2d 833 (Tex. Crim. App. 1971) (holding that the specific enhancement regime providing the grade of offense for violating the former Narcotic Drug Act "upon the second or any subsequent conviction therefor" controlled over the predecessor to Section 12.42's general enhancement scheme).

By contrast, Article 62.102(c) only addresses how to enhance a subsequent sex-offender-registration offense with a single prior sex-offender-registration felony offense. It only speaks to how to enhance a sex-offender-registration offense when the offender "has previously been convicted of *an offense* ... under this article[.]" TEX. CODE CRIM. PROC. art. 62.102(c) (emphasis

added). It does not expressly say how a sex-offender-registration defendant may be enhanced in the event that he should have incurred *multiple* prior sex-offender-registration offenses.

Appellant maintains that Article 62.102(c) nevertheless controls because it at least implicitly addresses the enhancement of sex-offender-registration convictions with *multiple* prior sex-offender-registration convictions. Appellant's argument, as we understand it, crystalizes in one proposition: Article 62.102(c) of the Code of Criminal Procedure covers the field of prior sex-offender-registration offenses used to enhance later sex-offender-registration offenses (including when there are *multiple* prior sex-offender-registration offenses) because "[t]he singular includes the plural and the plural includes the singular." *See* Appellant's Reply Brief at 2-3 (citing TEX. GOV'T CODE § 311.012(b)).[3] Invoking this principle of code construction, Appellant argues that, when Article 62.102(c) speaks of the use of a previous sex-offender-registration "offense" to enhance a subsequent sex-offender-registration offense, it also intends to include *multiple* previous sex-offender-registration "offenses" in its enhancement scheme. (Never mind that it does not contemplate any *greater* enhancement for *multiple* previous sex-offender-registration convictions.) And because Article 62.102(c) thus embraces the use of *multiple* previous sex-offender-registration offenses to enhance a subsequent sex-offender-registration offense, Appellant

seems to argue, the general enhancement provisions of Section 12.42 of the Penal Code—including the habitual-offender provision in Section 12.42(d)—simply do not apply.

■ But there is another code construction principle that seems to us more apt: "If a general provision conflicts with a special ... provision, the provisions shall be construed, if possible, so that effect is given to both." TEX. GOV'T CODE § 311.026(a). When two statutes are *in pari materia*—as Article 62.102(c) and Section 12.42 plainly are—then "[a]ny conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy." *Azeez v. State*, 248 S.W.3d 182, 192 (Tex. Crim. App. 2008) (quoting *Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988)). Rather than to harmonize, Appellant would have us cultivate conflict.

We have never said that the very existence of Article 62.102(c) means that punishment for a sex-offender-registration offense can *never* be enhanced under any other provision. Indeed, we have allowed lower court opinions to stand that have held that: 1) punishment for a sex-offender-registration offense may be enhanced with prior convictions for offenses *other than* sex-offender-registration offenses, under the provisions of Section 12.42 of the Penal Code;[4] and 2) a sex-offense-registra-

---

3. Appellant's argument seems to be that, because "an offense" should also be read to include plural "offenses," this provision would be used to enhance a subsequent sex-offender-registration offense with more than one prior sex-offender-registration offense— even though the enhancement would be the same (increase by one grade of felony) regardless of whether the enhancement was with one prior sex-offender-registration offense or

multiple prior-sex-offender-registration offenses. But then, why would the State ever put itself to the increased burden of proving more than one prior sex-offender-registration offense to enhance under this provision?

4. *See Barker v. State*, 335 S.W.3d 731, 738 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (nothing about Article 62.102(c) prevented the State from enhancing a sex-offend-

tion offender can be habitualized under Section 12.42(d), if he has two prior *non–sex-offender-registration* felony convictions.[5] For that matter, we cannot see why a defendant charged with, say, burglary, could not be habitualized under Section 12.42(d) of the Penal Code with two prior sex-offender-registration convictions, without causing any conflict with Article 62.102(c). *Cf. Rawlings*, 602 S.W.2d at 269, 271 (notwithstanding specific provisions in the theft statute regarding how to enhance a theft conviction with a previous theft conviction, Section 12.42 of the Penal Code could still apply to enhance a theft conviction with *other* prior felony convictions).

But, according to Appellant, a sex-offender-registration offender categorically *cannot* be habitualized under Section 12.42(d) with two or more prior sex-offender-registration convictions. Why? Because Article 62.102(c) governs all enhancements of sex-offender-registration offenses using prior sex-offender-registration offenses, including enhancement with multiple prior sex-offender-registration convictions.

Why? Because when Article 62.102(c) says "an offense," this must be read to include "offenses." Why? Because, under Section 311.012(b) of the Code Construction Act, "[t]he singular includes the plural and the plural includes the singular."·

We are not persuaded. A simple comparison will illustrate the illogic of Appellant's suggested construction. The Legislature used the same structure in Article 62.102(c) that it chose to use in Sections 12.42(a), (b), and (c)(1) of the Penal Code, the general enhancement provisions applicable whenever a felony offender has one prior felony conviction. For example, Section 12.42(a) says: "[I]f it is shown on the trial of a felony of the third degree that the defendant has previously been convicted of a felony ... the defendant shall be punished for a felony of the second degree." TEX. PENAL CODE § 12.42(a).[6] This language mirrors the language of Article 62.102(c), and it likewise raises the punishment level by one degree when "it is shown" that the felony offender has one prior felony conviction.[7] We have never

---

er-registration punishment with a prior felony conviction for a non–sex-offender-registration offense).

**5.** *See Reyes v. State*, 96 S.W.3d 603, 605-06 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (nothing about Article 62.102(c) prevented the State from habitualizing a sex-offender-registration offender under Section 12.42(d)).

**6.** Subsections (b) and (c)(1) of Section 12.42 use similar constructs to, respectively, enhance punishment for a second degree felony to a first degree felony with one prior felony conviction, and enhance a first degree felony to a punishment with a mandatory minimum of 15 years. *See* TEX. PENAL CODE § 12.42(b) ("[I]f it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of *a felony* ..., on conviction the defendant shall be punished for a felony of the first degree."); *id.* § (c)(1) ("[I]f it is shown on the trial of a felony of the first

degree that the defendant has previously been finally convicted of *a felony* ..., on conviction the defendant shall be punished by imprisonment ... for life, or for any term of not more than 99 years or less than 15 years.") (emphases added).

**7.** In *Ford v. State*, 334 S.W.3d 230, 234-35 (Tex. Crim. App. 2011), we made it clear that both Article 62.102(c) and Section 12.42 operate only to increase the level of punishment, not to elevate the grade of the offense of conviction. That being the case, the dissent today is mistaken to believe that Article 62.102(c) can operate to increase the punishment by more than one "degree of felony." Dissenting Opinion at 3-5. Because the first enhancement does not raise the first offense *itself* to a higher grade of felony, every subsequent enhancement would proceed from the identical baseline, raising the punishment to exactly the same "next highest degree of felony" as the first enhancement. The dissenting view is foreclosed by *Ford*.

applied the "singular-plural/plural-singular" maxim to say that Section 12.42(a) also embraces the use of multiple prior-felony offenses to enhance the repeat offender's punishment, but only by one degree. We have not said that the word "felony" in these provisions should be read to include "felonies." Indeed, it would be absurd to construe Section 12.42 in this way, because it would needlessly create an irreconcilable conflict with the later habitual offender provision contained in Subsection (d) of Section 12.42, by which a multiple-prior-felony offender suffers even greater enhanced punishment than the mere repeat offender. And if we would never choose to read Section 12.42(a) in this absurd way, we should not endorse such a construction of Article 62.102(c).

It is preferable to say that Article 62.102(c) simply does not address the multiple-prior-sex-offender-registration-offense scenario. [8] Chapter Sixty-Two of the Code of Criminal Procedure contains no provision for habitualizing a sex-offender-registration offense with multiple prior offenses—of *any* kind, much less prior sex-offender-registration offenses. In the absence of any such special provision in Chapter Sixty-Two, code construction principles dictate that we fall back on the general enhancement provisions in Section 12.42 of the Penal Code. Section 12.42(d) would plainly permit the State to habitual-ize a sex-offender-registration offense with two prior felony convictions that were *not* sex-offender-registration offenses. We see no reason why it should not also be read to permit the State to habitualize a sex-offender-registration offender with two prior sex-offender-registration convictions. Such a reading harmonizes Article 62.102(c) and Section 12.42 of the Penal Code, and does so in such a way as to maximize the efficacy of both. [9]

For these reasons, we affirm the judgment of the court of appeals.

Richardson, J., filed a concurring opinion in which Newell, J., joined. Walker, J., filed a dissenting opinion in which Hervey and Alcala, JJ., joined.

## CONCURRING OPINION

Richardson, J., filed a concurring opinion, in which Newell, J., joined.

I agree with the majority that Appellant was properly sentenced as an habitual offender under Texas Penal Code Section 12.42(d) for this 2013 failure-to-register conviction. Appellant had two prior felony convictions for failing to register as a sex offender—one in 2007 and one in 2009. Thus, he had "previously been finally convicted of two felony offenses, and the second previous felony conviction [was] for an offense that occurred subsequent to the

---

8. Thus, the statutory provisions at issue here are unlike those in *State v. Webb*, 12 S.W.3d 808 (Tex. Crim. App. 2000), and *State v. Mancuso*, 919 S.W.2d 86 (Tex. Crim. App. 1996). Each of those cases involved a specific provision for enhancing the punishment of a multiple (not just a repeat) state-jail felon, which specific provision was found to control over the general habitual punishment provision governing ordinary felonies in Section 12.42(d).

9. It might be argued that to read Article 62.102(c) to apply only to the enhancement of punishment for repeat sex-offender-registra-tion offenders would render it merely redundant of other repeat offender enhancement provisions, such as Section 12.42, subsection (a), (b), or (c)(1), or Section 12.35(c). But that would be inaccurate. Article 62.102(c) permits the enhancement of a repeat sex-offender-registration state-jail felon; Section 12.42 does not speak to the enhancement of state-jail felons at all. To the extent that Section 12.35(c) permits enhancement of state-jail felon to third-degree felony punishment, it does so under different circumstances than does Article 62.102(c).

first previous conviction having become final." Tex. Penal Code § 12.42(d).

However, it is possible that the Legislature intended a different punishment enhancement outcome for multiple failure-to-register convictions. The sex offender statute, Chapter 62, specifically addresses punishment enhancement. This reflects the intent to enact a more specific enhancement scheme for sex offender registrants, which would control over the general enhancement statute in Section 12.42. *See Rawlings v. State*, 602 S.W.2d 268, 271 (Tex. Crim. App. 1980).

Nevertheless, Article 62.102(c) provides that the punishment for a person convicted of failing to register as a sex offender under Chapter 62 is increased to the next highest degree of felony if the person has been previously convicted "of an offense" under Chapter 62. By failing to include a provision regarding enhancement of a sentence for a person with multiple prior failure-to-register convictions, a person under such circumstances must be, by default, punished under Penal Code Section 12.42(d). It would be a stretch to read the statute any other way. If the intent was for Article 62.102(c) to be the exclusive enhancement statute covering a sex offender registrant's punishment, even if that person had more than one prior failure-to-register conviction, then the statute should have said as much.

With these comments, I join the Court's opinion.

## DISSENTING OPINION

Walker, J., joined by Hervey and Alcala, JJ., filed a dissenting opinion.

Appellant asks whether article 62.102(c) of the Code of Criminal Procedure is the exclusive enhancement of punishment provision for an offender who repeatedly fails to register as a sex offender? He asserts that the question should be answered in the affirmative because the specific enhancement provision of article 62.102(c) controls over the general enhancement provision of Penal Code section 12.42(d).

As the majority opinion points out, in 1984 appellant was convicted of sexual assault and was later required to register as a sex offender. Twice after that, in 2007 and 2009, he was convicted of felony offenses, failure to comply with sex-offender-registration requirements and failure to register as a sex offender, both being third-degree felonies under article 62.102(b)(2) of the Code of Criminal Procedure. At sentencing, the punishment was enhanced under section 12.42(d) of the Penal Code, which provided a punishment range of twenty-five to ninety-nine years or life because of the two alleged prior felony convictions: failure to comply with sex offender registration requirements and failure to register as a sex offender. Appellant was sentenced to eighty-five years imprisonment. Appellant asserts that such enhancement was improper because enhancement was only available under the special and specific enhancement provision applicable to repeat offenders found guilty of failing to register as a sex offender.

The provision under which appellant's punishment was enhanced, Penal Code section 12.42(d), describes the penalties for habitual felony offenders, generally. Article 62.102(c) is more specific to appellant's circumstances of the specific offense for which he was convicted. The two enhancement provisions are certainly overlapping as they both provide for a way to enhance punishments with prior convictions. We have held that "Article 62.102(c) operates in the same way as Section 12.42, increasing the level of punishment that applies to the primary offense [but does not increase the level of the primary offense], whatever its original designation." *Ford v. State*, 334

S.W.3d 230, 235 (Tex. Crim. App. 2011). In other words, a third-degree felony which is enhanced under article 62.102(c) is still a third-degree felony even though the punishment level is enhanced to that of a second-degree felony. We pointed out that article 62.102(b) "designates different levels of offense enhancement, starting with state jail felonies, based on specific criteria that pertain to the facts and circumstances involved in the primary offense." *Id.*

As the majority opinion of the Court notes, article 62.102(c) provides that "[i]f it is shown at the trial of a person for an offense ... under this article that the person has previously been convicted of an offense under this article, the punishment for the offense ... is increased to the punishment for the next highest degree of felony." The statute clearly indicates that a previous conviction for failure to register bumps the punishment range up one level. Because of the fact that a second failure to register conviction would also be "an offense," a second such previous conviction would bump the punishment range up one more level. In the instant case, appellant had two prior failure to register convictions. Therefore, the first conviction would bump the punishment range up one level, which would raise the punishment level from that of a third-degree felony to that of a second-degree felony. Instead of being subject to a punishment range of two to ten years in prison, appellant would be subject to a punishment range of two to twenty years in prison. Tex. Penal Code § 12.33(a). Again, a second previous failure to register conviction would also be "an offense" which would elevate appellant's punishment range to that of a first-degree felony, being five years to ninety-nine years or life. Tex. Penal Code § 12.32(a). Under the majority holding, appellant was instead subjected to the punishment range of an habitual offender, which was twenty-five years to life. Also, the language in article 62.102(c) references enhancement to the "next highest degree of felony." The use of the word "degree" instead of "punishment range" appears to limit enhancements under 62.102(c) to third degree, second degree, or first degree punishment ranges. Because habitual enhancements are not a "degree" of felony, the language of the statute seems to foreclose the possibility of habitual enhancement under 62.102(c).

The majority holding is based on an assumption that article 62.102(c) can only be construed to apply to an enhancement involving only one prior failure to register conviction, and, therefore, in a case involving multiple prior failure to register convictions, courts must look to conventional enhancement provisions to determine the correct punishment range. The assumption is flawed in that the language "an offense" contained in the statute can be construed to refer to each of multiple prior failure to register convictions. Tex. Gov't Code § 311.012(b) ("The singular includes the plural and the plural includes the singular.") Again, article 62.102(c) states, "If it is shown at the trial of a person for an offense ... under this article, the punishment for the offense ... is increased to the punishment for the next highest degree of felony." Pursuant to Chapter 311 of the Government Code, the Code Construction Act, if a general provision irreconcilably conflicts with a special (i.e. specific) provision, the special (i.e. specific) provision "prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." Tex. Gov't Code § 311.026(a)(b). In this case, the general provision of section 12.42 is not the later enactment, thus the specific provision of article 62.102 prevails.

Article 62.102(c) can be reasonably construed to apply to multiple failure to register enhancement convictions. The first prior failure to register conviction is "an offense," and the second is also "an offense." It is my belief that if the Legislature had intended for multiple prior failure to register felony convictions to increase the punishment *only* one level, it would have said previous convictions of "one or more" offenses under this article would increase the punishment to the next highest degree of felony. Furthermore, my review of the legislative history of this article, including the bill analyses and enrolled bill summaries of the various amendments to the statute, fails to reveal any such intent.

Appellant's punishment range should have been that of a first-degree felony, which is five to ninety-nine years or life instead of twenty-five years to life. The indictment in this case only alleged the two prior failure to register convictions for enhancement purposes. Therefore, this dissenting opinion does not address an issue involving three or more prior felony convictions; but, I do note that non-failure to register felony offenses can be alleged and proven within the purview of the provisions of section 12.42 of the Texas Penal Code for punishment enhancement for repeat and habitual felony offenders without corrupting article 62.102(c).

With these comments, I respectfully dissent.