Opinion issued June 13, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00254-CR

————————————

**BENNY EUGENE CONNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Case No. 17-CR-0647

---

## MEMORANDUM OPINION

A jury convicted Benny Eugene Conner of failure to register as a sex offender; after finding three enhancement paragraphs "true," the trial court sentenced him to 40 years' confinement. *See* TEX. CODE CRIM. PROC. art. 62.102. In three issues on appeal, Conner contends that the trial court erroneously sentenced him as a habitual

offender and defense counsel provided constitutionally ineffective assistance of counsel because he failed to investigate whether the enhancement paragraphs alleged consecutive offenses and failed to object when the State read those paragraphs to the jury in the guilt/innocence phase of trial. We affirm.

## Background

In 2001, Conner was convicted of sexual assault of a child. *See* TEX. PENAL CODE § 22.011(a)(2). He was required to register as a sex offender for life. *See* TEX. CODE CRIM. PROC. arts. 62.001(6)(A) (defining sexual assault of child as "sexually violent offense"), .101(a)(1) (imposing lifetime duty to register for person with reportable conviction for sexually violent offense). The duty to register includes a requirement that the sex offender notify the state of the address where the sex offender resides. *See* TEX. CODE CRIM. PROC. art. 62.051(a), (c)(1–a) (instructing that registration must include "the address at which the person resides or intends to reside" for more than seven days). In 2017, Conner was arrested and indicted for failing to comply with this requirement.

During the guilt/innocence phase of trial, the State had the burden to prove Conner's prior conviction requiring his registration as a sex offender. The State offered the judgment of the child-sexual-assault conviction, which Conner stipulated to and the trial court admitted without objection. After hearing testimony from the State's witnesses about how police discovered Conner was not living where he was

2

registered and the defense witnesses who explained that Conner was homeless at the time of his arrest, the jury returned a guilty verdict.

To bring Conner within the ambit of the habitual-offender statute—and thereby raise his sentencing exposure to a term of between 25 and 99 years or life in prison—the State alleged three prior convictions as enhancements.[1] *See* TEX. PENAL CODE § 12.42(d). In pertinent part, the indictment alleged:

> And it is further presented in and to said Court, that before the commission of the offense alleged above [the primary offense of failure to register], the defendant had theretofore been convicted of an offense under Article 62.102, Code of Criminal Procedure, in that on the 18th day of May, 2010, in the 56th Judicial District Court of Galveston County, Texas, in cause number 09CR2246, the defendant was convicted of the offense of Failure to Comply with Sex Offender Registration Requirements.

> ### FIRST ENHANCEMENT
> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense [the primary offense of failure to register] on the 13th day of March, 2001, in cause number 00CR1250 in the 10th Judicial District Court of Galveston County, Texas, the defendant was convicted of the felony offense of Possession of Child Pornography.

> ### SECOND ENHANCEMENT
> And it is further presented in and to said Court that, prior to the commission of the primary offense [of failure to register], and after the conviction in cause number 00CR1250 was final, the defendant committed the felony offense of Possession of Child Pornography and was convicted on the 25th day of November, 2002, in cause number

---

[1] Although only two of the enhancement paragraphs are captioned as such, each of the three paragraphs alleging a prior conviction is an enhancement paragraph. The trial court explained this to Conner.

02CR0976 in the 212th Judicial District Court of Galveston County, Texas.

During the punishment phase of trial, no witnesses testified in support of the State's habitual-offender allegations. Instead, the trial court admitted two "pen packets"—records of Conner's previous convictions and incarcerations assembled by the Texas Department of Criminal Justice—into evidence. The pen packets contained the judgments of conviction not only for the three offenses identified in the enhancement paragraphs but also for two additional counts of possession of child pornography.

Conner pleaded true to all three enhancement paragraphs upon the advice of his counsel. After confirming Conner's pleas, the trial court found all three enhancement paragraphs "true"; rendered a judgment of conviction for a third-degree felony, as enhanced; and assessed Conner's punishment at 40 years' confinement. Conner appealed.

## Sentence Enhancement

In his first issue, Conner argues his sentence is illegal because the punishment range was improperly enhanced under Section 12.42(d) of the Penal Code, which provides a punishment range of 25 to 99 years or life for habitual offenders:[2]

> Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under

---

[2] According to Conner, the failure-to-register offense in this case should have been a first-degree felony punishable by five years to life in prison.

Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, *and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final*, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection.

TEX. PENAL CODE § 12.42(d) (emphasis added). Conner asserts that it was error for the trial court to rely on the November 2002 possession-of-child-pornography conviction alleged in the second enhancement paragraph for enhancement as a habitual offender. This, according to Conner, is because the March 2001 conviction alleged in the first enhancement paragraph, also for possession of child pornography, was not yet final at the time he committed the second offense.[3]

Conner's argument ignores that the State alleged in the indictment a third conviction for enhancement—the 2010 conviction for a sex-offender-registration offense to which he stipulated. Because Conner's registration duty was for life, his prior sex-offender-registration conviction, like his prior child-pornography convictions, is a felony offense that is not punishable as a state jail felony. *See* TEX. CODE CRIM. PROC. art. 62.102(b). And it could be used for enhancement purposes

---

[3]     Conner's finality argument is based on the date the mandate issued in his appeal of the March 2001 conviction. Because the mandate is not in the appellate record, Conner asks us to take judicial notice of the copy appended to his brief. We do not decide whether the mandate is a proper subject of judicial notice because we resolve Conner's first issue on another ground.

under the habitual-offender statute. *See* TEX. PENAL CODE § 12.42(d); *see also Crawford v. State*, 509 S.W.3d 359, 364 (Tex. Crim. App. 2017) (noting that two prior felony convictions for sex-offender-registration offenses could be used for enhancement as habitual offender).

Conner does not argue that the convictions alleged in the indictment's first and second enhancement paragraphs lacked finality when he previously failed to comply with the sex offender registration requirements. Thus, even assuming Conner is correct that the 2001 child-pornography conviction was not final at the time he committed the 2002 child-pornography offense, his argument fails because he could be sentenced properly as a habitual offender using the 2010 sex-offender-registration conviction and either the 2001 or 2002 child-pornography conviction.

Accordingly, we hold that Conner's sentence is not illegal, and we overrule his first issue.

## Ineffective Assistance of Counsel

In his second and third issues, Conner argues that defense counsel was constitutionally ineffective because he failed to (1) investigate whether the child-pornography conviction alleged in the first enhancement paragraph was final before Conner committed the child-pornography offense alleged in the second enhancement paragraph and (2) object to the State's alleged disclosure of his prior convictions in the guilt/innocence phase of trial.

## A.    Standard of review

We evaluate claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's unprofessional error, there is a reasonable probability that the result of the proceedings would have been different. *Id.* at 687–94; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 695. A defendant must establish both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). Failure to make a showing under either prong defeats an ineffective-assistance claim. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that his performance falls within the wide range of reasonable professional assistance and trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006); *Thompson*, 9 S.W.3d at 813. In determining whether there was a reasonable probability of a different result but for the ineffective assistance, we look for a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**B.   Failure to investigate enhancement allegations**

Conner's second issue challenges whether defense counsel was ineffective in "failing to properly investigate and discover that the second enhancement paragraph did not qualify under Texas law as a proper second enhancement."

In our resolution of Conner's first issue, we concluded that Conner could be sentenced as a habitual offender regardless of whether the child-pornography convictions identified in the first and second enhancement paragraphs were consecutive, given that there is no argument that at least one of those convictions was final when Conner violated the sex-offender-registration rules for the first time. Thus, even assuming that defense counsel could have conducted a more thorough investigation of the enhancement allegations, our confidence in the outcome of the punishment proceedings is not undermined by a reasonable probability of a different result. Because the record does not support a reasonable probability of a different result, Conner has not satisfied the *Strickland* standard for ineffective assistance of counsel. *See* 466 U.S. at 695 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *Butler v. State*, No. 01-94-00756-CR, 1995 WL 416892, at *5 (Tex. App.—Houston [1st Dist.] July 13, 1995, pet. ref'd) (not designated for publication) (rejecting ineffective-assistance claim because there was not reasonable probability that result of proceedings would have been different).

We overrule Conner's second issue.

## C.      Failure to object to State's reading of enhancement paragraphs

Conner's third issue—that defense counsel was constitutionally ineffective because he failed to object when the State read the indictment's enhancement paragraphs in the guilt/innocence phase of trial—rests on a transcription error. When Conner filed his opening brief, the reporter's record indicated that the State read jurors the entire indictment after the jury was sworn, including the prior convictions alleged for enhancement. Had the State done this, Conner would be correct in questioning whether the State violated the Code of Criminal Procedure and whether his counsel should have objected. *See* TEX. CODE CRIM. PROC. art. 36.01(a)(1) ("When prior convictions are alleged for purposes of enhancement only and are not jurisdiction, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment[.]"). But two days after Conner filed his opening brief, the court reporter amended the record to clarify that the enhancement paragraphs were omitted from the State's reading of the indictment. Conner has not objected to or challenged the accuracy of the amended reporter's record.

Because Conner's failure-to-object argument rests on an inaccurate record of the trial proceedings and the corrected record does not show the error about which he complains, we overrule Conner's third issue.

9

## Conclusion

Having overruled all of Conner's issues, we affirm the judgment of the trial court.

Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).