

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00095-CR

_____

MICHAEL AARON JOBSON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1774483R

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Michael Aaron Jobson appeals his sentence of 25 years' incarceration for failure to comply with sex-offender-registration requirements. *See* Tex. Code Crim. Proc. Ann. art. 62.102. In a single point, Jobson argues that his sentence is illegal because it is outside the lawful punishment range. We agree that the trial court imposed an illegal sentence, and we therefore reverse Jobson's sentence and remand for a new punishment trial.

## I. BACKGROUND

Jobson was indicted for failing to comply with the requirements of the sex-offender-registration statute, a third-degree felony. *See id.* art. 62.102(b)(2). In two enhancement paragraphs, the indictment alleged that Jobson had previously been convicted of two felony-sex-offender-registration offenses.

Jobson pleaded not guilty to the alleged offense and not true to the two enhancement paragraphs. The jury found Jobson guilty, found both enhancement paragraphs true, and assessed Jobson's punishment at 25 years' incarceration. The trial court sentenced him accordingly. Jobson now appeals the imposition of that sentence.

## II. DISCUSSION

In a single point, Jobson argues that his sentence is illegal because it exceeds the lawful punishment range. The State concedes the point, and we agree.

## A. Standard of Review and Applicable Law

A sentence that is outside the authorized punishment range is an illegal sentence. *O'Reilly v. State*, 501 S.W.3d 722, 728–29 (Tex. App.—Dallas 2016, no pet.) (citing *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013)). "If a defendant's range of punishment is improperly enhanced, in the sense that the prior convictions alleged do not actually support enhancement under the applicable statutory provision, then the defendant has been sentenced in violation of the law and his sentence is 'illegal.'" *Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021) (citing *Ex parte Rich*, 194 S.W.3d 508, 511–12 (Tex. Crim. App. 2006)). This is an unwaivable complaint that may be challenged at any time. *O'Reilly*, 501 S.W.3d at 729 (first citing *Ex parte Pena*, 71 S.W.3d 336, 339 (Tex. Crim. App. 2002); and then citing *Baines v. State*, 418 S.W.3d 663, 674 (Tex. App.—Texarkana 2010, pet. ref'd)). Whether a sentence exceeds the punishment range authorized by statute is a legal question that we review de novo. *See Yazdchi v. State*, 428 S.W.3d 831, 837 (Tex. Crim. App. 2014); *Fountain v. State*, No. 03-17-00699-CR, 2018 WL 3677871, at *1 (Tex. App.—Austin Aug. 3, 2018, no pet.) (mem. op., not designated for publication).

## B. Improper Punishment-Range Enhancement

The punishment range for Jobson's charged offense was improperly enhanced. *See Bell*, 635 S.W.3d at 645. Jobson's sex-offender-registration offense is a third-degree felony. *See* Tex. Code Crim. Proc. Ann. art. 62.102(b)(2). The trial court's punishment charge instructed the jury that if it found both of the indictment's enhancement

paragraphs to be true, it must assess Jobson's punishment within the range for a first-degree felony—that is, "confinement . . . for any term of not less than 5 years or more than 99 years or life." *See* Tex. Penal Code Ann. § 12.32. Thus, the charge allowed the enhancements to be "stacked" such that the first enhancement raised the punishment range to a second-degree felony and the second enhancement paragraph raised the punishment range to a first-degree felony. This was improper.

The Texas Court of Criminal Appeals has made clear that enhancements under both Article 62.102(c) of the Texas Code of Criminal Procedure and Section 12.42 of the Texas Penal Code "operate only to increase the level of punishment, not to elevate the grade of the offense of conviction." *Crawford v. State*, 509 S.W.3d 359, 363 n.7 (Tex. Crim. App. 2017) (citing *Ford v. State*, 334 S.W.3d 230, 234–35 (Tex. Crim. App. 2011)). Therefore, when, as here, an indictment alleges multiple enhancements under Article 62.102(c) and Penal Code Section 12.42, "the first enhancement does not raise the first offense *itself* to a higher grade of felony, [rather] every subsequent enhancement . . . proceed[s] from the identical baseline, raising the punishment to exactly the same 'next highest degree of felony' as the first enhancement." *Id.*

Because both alleged enhancements should have proceeded from the same baseline rather than being "stacked," Jobson's offense should have been punished as a second-degree felony, *see id.*, the maximum sentence for which is 20 years'

4

incarceration, Tex. Penal Code Ann. § 12.33. Jobson's 25-year sentence is thus illegal. *See O'Reilly*, 501 S.W.3d at 728–29. Accordingly, we sustain Jobson's sole point.

### III. CONCLUSION

Having sustained Jobson's sole point, we reverse his sentence and remand this case to the trial court for a new punishment hearing.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 8, 2024